THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMAIR LIMITED,

Plaintiff,

vs.

THE BOEING COMPANY,

Defendant.

No. 2:23-cv-00176-RSM

COMAIR'S STIPULATED MOTION AND ORDER FOR LEAVE TO FILE UNDER SEAL

**INTRODUCTION**

Pursuant to Local Civil Rule 5(g)(2), Plaintiff COMAIR LIMITED ("Comair") and Defendant THE BOEING COMPANY ("Boeing," and together with Comair, the "Parties") respectfully move this Court for leave to file Comair's Opposition to Boeing's Motion to Dismiss Plaintiff's Complaint ("Opposition") under seal because Boeing contends they contain copies, quotations, and summaries of confidential documents containing sensitive contractual terms. After the Opposition has been filed, the Parties will promptly meet-and-confer to assess which redactions can adequately protect those confidentiality concerns. If the Parties cannot reach

agreement on the portions of the Opposition to be sealed, they will submit briefing to the Court and request a ruling on which portions of the Opposition should be sealed.

**LCR 5(g)(3)(A) CERTIFICATION**

The Parties have met and conferred about the need for sealing in the first instance. In accordance with Local Civil Rule 5(g)(3)(A), the undersigned counsel certify that on May 22, 2023, Michael B. Slade, on behalf of Boeing, and Marc P. Miles, on behalf of Comair, met and conferred over email regarding the need for sealing portions of the Opposition to be filed on May 22, 2023. Specifically, counsel for Comair informed counsel for Boeing that Comair's Opposition contains excerpts from and summaries of portions of the agreements between the Parties. Boeing contends that the agreements contain highly sensitive terms relating to the purchase of commercial aircraft, the disclosure of which will result in commercial harm to Boeing and its airline customers.

The Parties therefore agree that Comair's Opposition should be filed under seal in the first instance. The Parties further agree that, following Comair's filing of the Opposition under seal, as well as this accompanying Stipulated Motion and [Proposed] Order: (1) the Parties will meet and confer to agree on appropriate redactions to Comair's Opposition; and, subject to the Court granting this Stipulated Motion, (2) Comair will file a redacted copy of its Opposition on the public docket within seven (7) days of filing the sealed copy of its Opposition. If the Parties cannot agree on redactions, they will submit briefing on the issue and request a ruling from the Court.

The Parties are in further agreement that there is not another means of protecting the commercially sensitive information in the agreements.

**LCR 5(g)(3)(B) LEGAL STANDARD AND BOEING'S ARGUMENT**

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however,

"is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id*. (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). To establish a compelling reason, "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations and quotation marks omitted). In general, "compelling reasons" sufficient to outweigh the public's interest exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id*. at 1179 (citations and quotation marks omitted). Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a dispositive motion when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

Boeing and Comair agree that the agreements set out the contractual terms on which Boeing sells commercial aircraft to its customers, including the terms of delivery, pricing, rebates, and product warranties. Boeing does not publicly disclose information of this kind. It is particularly sensitive because contracts between Boeing and its customers are heavily negotiated and subject to confidential terms and conditions. Boeing and its customers negotiate those contracts with the understanding that those commercial terms will not be disclosed to the public, thereby resulting in competitive harm both to Boeing and to its customers. For precisely this reason, some of the contracts contain various provisions requiring the parties to treat them as confidential. This Court has already approved of sealing in very similar circumstances, including in this case. Dkt. No. 30; *Polskie Linie Lotnicze LOT S.A. v. The Boeing Company*, No. C21-1449-RSM, Dkt. Nos. 44 (approving a redacted First Amended Complaint to be filed); 52 (approving the filing of a redacted motion to dismiss); 60 (approving the filing of a redacted

opposition brief).

Other courts have consistently permitted parties to redact similar contractual information on the grounds that it is commercially and competitive sensitive. *See, e.g.*, *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) (sealing "customer and pricing data"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (redacting "product-specific financial information"); *Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4843959, at *2 (D. Del. Oct. 18, 2021) (sealing "contract price at which [manufacturer] sells the . . . product to each customer" and the "chargebacks, rebates, and discounts provided to each customer"); *In re: Dendreon Corp. Class Action Litig.*, 2012 WL 12896179, at *1 (W.D. Wash. May 11, 2012) (sealing sensitive and confidential business information and trade secrets contained in motion to dismiss). As Judge Posner reasoned, information of this type gives "unearned competitive advantage" to other firms, and "the American public does not need to know [such information] in order to evaluate the handling of this litigation by the judiciary." *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003).

Boeing contends that disclosure of the commercially sensitive terms in the agreements would result in harm to Boeing and its customers. If another aircraft manufacturer learns of these terms, Boeing would be unfairly disadvantaged because the competitor could craft its offers with full knowledge of the package of pricing, services, and other terms that Boeing offers its customers. The result would be that the competitor could craft its own proposals with unilateral insight into Boeing's confidential contracts. That unfair advantage would arise by virtue of the litigation process, not through any earned business advantage. Likewise, such disclosure would also give other airline customers access to confidential pricing, services, and other contract terms that Boeing offers through the agreements at issue in this case, which would create unearned leverage in negotiations with Boeing arising by virtue of a routine filing in a litigation unrelated to those business entities, rather than through any earned competitive advantage.

Finally, the Parties do not propose keeping the entirety of the Opposition under seal. *See*

LCR 5(g)(3)(B)(iii) (requiring the least restrictive method to ensure protection of material to be sealed). Instead, the Parties anticipate being able to redact only those portions that quote from or specifically detail terms from the agreements. As soon as the Opposition is filed, and available to Boeing to review, the Parties will work together to prepare such a redacted version for filing in the public record.

**CONCLUSION**

For the foregoing reasons, the Parties respectfully request that this Court order the following document be filed under seal: an unredacted copy of Comair's Opposition to Boeing's Motion to Dismiss. The Parties will submit a redacted copy for filing in the public record within seven (7) days of the Court's order sealing the Opposition.

IT IS SO STIPULATED by and between the Parties.

DATED: May 22, 2023

By: /s/ Marc P. Miles

Hunter K. Ahern WA Bar No. 54489
**Shook, Hardy & Bacon L.L.P.**
701 Fifth Avenue, Suite 6800
Seattle, WA 98104-7066
Telephone: (206) 344-7600
Facsimile: (206) 344-3113
hahern@shb.com

Marc P. Miles (admitted pro hac vice)
Kristy A. Schlesinger (admitted pro hac vice)
5 Park Plaza Suite 1600
Irvine, California 92614
Telephone: (949) 475-1500
Facsimile: (949) 475-0016
mmiles@shb.com
kschlesinger@shb.com

*Attorneys for Plaintiff*
*Comair Limited*

By: */s/ Ulrike B. Connelly*

Ulrike B. Connelly, Bar No. 42478
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
UConnelly@perkinscoie.com

Michael B. Slade (admitted pro hac vice)
Casey McGushin (admitted pro hac vice)
**Kirkland & Ellis LLP**
300 North LaSalle
Chicago, IL 60654
michael.slade@kirland.com
casey.mcgushin@kirkland.com

*Attorneys for Defendant*
*The Boeing Company*

**ORDER**

Based upon the foregoing Stipulation, the Court hereby:

ORDERS, ADJUDGES AND DECREES that the unredacted copy of Comair's Opposition to Boeing's Motion to Dismiss may be filed under seal.

IT IS SO ORDERED.

DATED this 23rd day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE