THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMAIR LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING COMPANY, A DELAWARE CORPORATION,<br><br>　　　　　Defendant. | CASE NO. 2:23-cv-00176-RSM<br><br>**STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**<br><br>**NOTING DATE:  DECEMBER 15, 2023** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application

of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

3. Nothing in this Order shall preclude the producing party from collecting or producing additional materials beyond those identified pursuant to the procedure described herein. The provisions below, which relate to a producing party's use of search terms and custodian limitations, are not intended to apply to any re-production of document productions made in other proceedings related to the 737 MAX, if any such re-productions are agreed to by the parties or ordered by the Court.

4. The parties agree that the producing party is under no obligation to identify the request for production to which a particular document is responsive, nor is the producing party obligated to identify (by Bates Numbers or otherwise) which documents are being produced in response to a particular request for production.

**B.    ESI Disclosures**

1. Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose, in an "ESI Disclosure":

   a.    <u>Custodians</u>. Each party shall identify those custodians for which it intends to search their custodial data to respond to discovery. The parties will meet and confer to establish the appropriate number of custodians to be disclosed based on the complexity, proportionality, and nature of the case. The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under the custodian's control.

   b.    <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

   c.    <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

    d. <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

  2. <u>Foreign data privacy laws</u>. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

  3. <u>Additional Custodians and Sources</u>. Within 14 days of the producing party's ESI Disclosure, the receiving party may identify additional custodians or non-custodial data sources that may have relevant information related to the claims or defenses to be collected, searched, and/or produced. The parties agree to negotiate in good faith to the extent that the addition of more custodians or non-custodial data sources is needed to facilitate effective, proportionate discovery and trial preparation. If a producing party declines to include in the collection process any custodian or data source identified by another party, the matter shall be disclosed to the requesting party and may be submitted to the Court for determination.

  4. <u>Duty to Supplement</u>. The parties shall timely supplement their disclosures to the extent new custodians or non-custodial data sources are identified.

  **C.** **ESI Discovery Procedures**

  1. <u>On-site inspection of electronic media</u>. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

  2. <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

      a.      <u>Prior to running searches</u>:

           i.      The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information (the producing party's "Initial Search Terms or Queries"). The producing party may provide unique hit counts for each search query.

           ii.      After disclosure, the parties will engage in a meet and confer process regarding additional terms (if any) sought by the non-producing party.

           iii.      The following provisions apply to search terms or queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.

    3.    <u>Predictive Coding, Technology Assisted Review, and Advanced Analytics</u>. The parties may use reasonable techniques to further identify relevant or irrelevant documents, including, but not limited to, predictive coding, other technology-assisted review, and/or any form of advanced analytics. If the producing party intends to use such tools, the parties will meet and confer about the use of such technologies before they are applied to attempt to reach reasonable agreement in advance of their use. Either party may in good faith request reasonable, non-privileged, non-work-product information about the software and methodology used for the review sufficient to evaluate the reasonableness of the review.

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

4. _Timing_. The parties will make good faith efforts to substantially complete production related to then-outstanding discovery requests 45 days before the close of fact discovery to allow the parties to evaluate document productions and serve any follow-up discovery requests or necessary discovery motions within the time allowed for discovery by the Court's scheduling order.

5. _Other Disclosures_. Upon reasonable request, a party shall disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

6. _Format_.

   a. ESI will be produced to the requesting party as follows for each document produced: (1) text files with searchable text, (2) images in a standard single-page TIFF format with a corresponding Opticon (OPT) image load file, and (3) delimited data file containing the metadata fields described in Section C.10 below. "Load file" means a file that relates to a set of scanned images or electronically processed files that indicates where individual pages or files belong together as documents, to include attachments, and where each document begins and ends. The parties will produce documents in 300 DPI black and white or, if the original file is in color, may produce in color using JPEG format. When color is necessary to understand the document, the requesting party may reasonably request color production from the producing party.

   b. Unless otherwise agreed to by the parties, files that are not easily converted or lose functionality necessary to comprehension of the document when converted to image format, such as structured data[1]; spreadsheet, slideshow, database, and drawing files, will be

---

[1] The parties agree that exports from structured data repositories are an acceptable means of production.

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

produced in native format. Upon reasonable request, a party should produce in a native format a file that was previously produced as a TIFF file.

   c. Each document image file shall be named with a unique number (Bates Number). These file names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must take reasonable steps to preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

   d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   e. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). In the case of files with redacted text, text of the redacted documents generated by Optical Character Recognition ("OCR") may be provided in lieu of extracted text, with the exception of spreadsheets.

   f. All ESI shall be processed with a single time zone and a date and time setting that is consistent across that party's productions. The time zone used shall be either Pacific Daylight Time (PDT), Central European Time (CET) or Coordinated Universal Time (UTC).

   g. Notwithstanding the parties' stipulations herein, upon reasonable request made by the requesting party, the parties shall confer regarding the production in an alternate format of a document previously produced in accordance with this Agreement and Order.

  7. <u>Email Threading</u>. The parties may use analytics technology to identify email threads and need only produce the unique, most inclusive copy with related family members and attachments. The producing party may exclude lesser inclusive email copies only if all attachments

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

to the lesser inclusive emails are produced with the most inclusive thread. Upon reasonable request, the producing party will produce a less inclusive copy.

8. <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

9. <u>Metadata fields</u>. The parties agree to produce the following metadata fields, if associated with the electronic document. The parties are under no obligation to manually populate these fields. Because different platforms use different nomenclature for these metadata fields, the below offers a common name and description, with the expectation that each party produce that field or its substantial equivalent. If any field is impracticable to produce for either party, the party shall disclose the field(s) that they are unable to produce to the opposing party.

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| BegBates | First Bates Number (Production number) of an item. | x |
| EndBates | Last Bates Number (Production number) of an item.<br>**The EndBates field should be populated for single-page items. | x |
| BegAttach | First Bates Number of attachment range of family (*i.e.*, Bates Number of the first page of the parent document). | x |
| EndAttach | Last Bates Number of attachment range of family (*i.e.*, Bates Number of the last page of the last attachment in the family). | x |
| PgCount | Number of pages in the item. | x |
| Custodian | Name of person from whose files the item is Produced. | x |

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| CustodianOther | Name of the person(s), in addition to the Custodian, from whose files the item would have been Produced if it had not been de-duplicated. | x (if deduplicated globally (*i.e.*, horizontally)) |
| FilePath | The file path of the document as it existed at collection.<br><br>Note: Producing Party may truncate the file path using a method reasonably calculated to remove Network-level identification information such as, without limitation, IP addresses, resolvable server names, and infrastructure file-path information, but excluding removal of the custodial or shared Network drive letter. The parties understand that collection tools may add to or truncate file path information, provided however that collection tools do not overwrite the file path information to be provided. | |
| AllPaths | Field designates if a duplicate is found in a different non-custodial source | |
| FileSize | Size (in kilobytes) of the source nativefile. | |
| FileName | File name of document. | |
| FileExt | The file extension of the document (*e.g.*, doc, nsf, rtf, pdf etc.). | |
| HashValue | The unique hash value of the file. | |

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| EmailThreadFamilyID | Unique identifier from email threading algorithm to denote emails from a single thread. | |
| EmailOutlookType | Type of Outlook item, *e.g.*, email, calendar item, note, task. | |
| NativeFileLink | Hyperlink path for documents provided in native format.<br><br>**The linked file must be named per the BegBates value. | x (ESI only) |
| DateSent (mm/dd/yyyy) | Date email or calendar item was sent. | |
| TimeSent (hh:mmAM/PM) | Time email or calendar item was sent. | |
| DateReceived (mm/dd/yyyy) | Date email or calendar item was received. | |
| TimeReceived (hh:mmAM/PM) | Time email or calendar item was received. | |
| ParentBates | First Bates Number for the parent item of a family.<br><br>**This field should be populated for all members of a family. | x |
| AttachBates | First Bates Number of each "child" attachment.<br><br>**Can be more than one Bates Number listed depending on the number of attachments. If multiple Bates Numbers, separate by semi-colon (;). | x |
| To | The names and SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item. | x |

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| From | The name and SMTP email address of the sender of the email or calendar item. | x |
| CC | The names and SMTP email addresses of all recipients that were included on the "CC" line of the email or calendar item. | x |
| BCC | The names and SMTP email addresses of all recipients that were included on the "BCC" line of the email or calendar item. | x |
| DateCreated (mm/dd/yyyy) | Date the item was created. | |
| TimeCreated (hh:mm AM/PM) | Time the item was created. | |
| FileName | The filename of the source native file for an ESI item. | |
| Date Modified | Date the item was modified. | |
| Time Modified | Time the item was last modified. | |
| Subject | Any value populated in the subject field of the source file metadata or document properties (*e.g.*, subject line of email or calendar item). | x |
| TextPath | Full relative path to the current location of the document-level text file. | |
| Privilege | Indicates if a document has been redacted for privilege or if a member of a document family has been withheld for privilege. | |
| Export Controlled | Indicates if a document is subject to export controls under U.S. law. | |
| Confidentiality | Indicates if item has been designated as "Confidential" or "Attorneys' Eyes Only" under the parties' protective order. | x |

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| AttachRange | Bates Number of the first page of the parent item to the Bates Number of the last page of the last attachment "child" item. | x |
| RecordType | To indicate "Paper," "Hard Copy," or "HC" if a hard copy document and "ESI" if it is an ESI item. | x |
| Application | Indicates software application that generated the ESI item (*e.g.*, Outlook, Word). | |
| Production Volume | Production volume name or number. | x |
| Redacted | User-generated field that will indicate redactions. "X," "Y," "Yes," "True," are all acceptable indicators that the document is redacted. Otherwise, blank. | x |
| MessageID | The unique message identifier generated by the source email or calendar system. | |
| Title | Any value populated in the title field of the source file metadata or item properties. | |
| Author | Creator of the document; any value populated in the author field of the source file metadata or document properties. | |

10.     Parent-Child Relationships. Parent-Child relationships (the association between an attachment and its parent document) must be preserved so a document and any attachments to that document are produced in the same production set and such relationships are identifiable.

11.     Hard-Copy Documents. If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks, and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using OCR technology and searchable

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.      Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)–(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

    d.  Data in metadata fields that are frequently updated automatically, such as last-opened dates.

    e.  Back-up data that are duplicative of data that are more accessible elsewhere.

    f.  Server, system, or network logs. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    g.  Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time and accessible elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E. Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or other lawful protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (*e.g.*, attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created.  Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. The parties will endeavor to produce privilege logs on a rolling basis with all privilege logs to be produced no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document. A party may not redact information on the basis it believes it to be irrelevant or confidential. Redactions should only be made for legal privilege or legally protected private information, such as Social Security Numbers, information protected from disclosure under HIPAA, and other information prohibited from disclosure by law.

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

3. A party that withholds a member of a family group entirely on the basis of privilege shall produce a Bates numbered placeholder page/slip sheet that contains the following language: "Document Withheld on the Basis of Privilege." A party may withhold wholly privileged members of a family group so long as the party inserts a slip sheet in place of the withheld document indicating that it has been "Withheld for Privilege" and logs such attachments in a privilege log in accordance with the requirements of this protocol. Slip sheets need not be produced for wholly privileged documents or document families withheld in their entirety.

4. With respect to privileged or work-product information generated after the filing of the complaint and any amendments, parties are not required to include any such information in privilege logs.

5. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

6. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law, nor shall it result in a subject matter waiver of any kind. Any producing party may demand the return of any inadvertently produced document(s) by e-mail. Upon receipt of such written demand, the receiving party shall immediately return or destroy the inadvertently produced document(a) and confirm in writing (with e-mail being sufficient) that such documents have been returned or destroyed. Within fourteen (14) business days of such demand, the producing party shall provide the receiving party with a privilege log for such document(s) consistent with this ESI protocol, setting forth the the basis for the claim of privilege for the inadvertently produced document(s). Nothing within this provision prevents the receiving party from challenging any privilege claim asserted by a producing a party, provided that the receiving party complies with the obligations of this paragraph.

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –14

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

F.  **Modifications**

Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate under the circumstances, or by order of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

By: s/ *Kristy Schlesinger*

Hunter K. Ahern
WA Bar No. 54489
701 Fifth Avenue, Suite 6800
Seattle, WA  98104-7066
Telephone: (206) 344-7600
Facsimile: (206) 344-3113
hahern@shb.com

Marc P. Miles (*admitted pro hac vice*)
Kristy A. Schlesinger (*admitted pro hac vice*)
5 Park Plaza Suite 1600
Irvine, California  92614
Telephone: (949) 475-1500
Facsimile: (949) 475-0016
mmiles@shb.com
kschlesinger@shb.com

*Attorneys for Plaintiff Comair Limited*

By: *s/ Ulrike B. Connelly*

Ulrike B. Connelly, Bar No. 42478
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000
UConnelly@perkinscoie.com

Michael B. Slade (*admitted pro hac vice*)
Casey McGushin (*admitted pro hac vice*)
**Kirkland & Ellis LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: 312.862.2000
Facsimile:  312.862.2200
Michael.slade@kirkland.com
Casey.mcgushin@kirkland.com

*Attorneys for Defendant The Boeing Company*

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this 19th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (NO. 2:21-CV-01449-RSM) –16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000