THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMAIR LIMITED,

        Plaintiff,

        v.

THE BOEING COMPANY, A DELAWARE
CORPORATION,

        Defendant.

CASE NO. 2:23-cv-00176-RSM

**STIPULATED PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material to the extent it is produced or exchanged shall include the

1  following information, documents and tangible things (regardless of the medium or manner in

2  which it is generated, stored, or maintained):  (a) information prohibited from disclosure by statute;

3  (b) non-public information about Boeing airplane sales and servicing contracts; (c) non-public

4  information about the design, manufacturing, certification, marketing, sale, delivery, and

5  performance of Boeing airplanes; (d) non-public information about revenue, pricing, profitability,

6  or competition-sensitive material; and (e) non-public personal information of individuals,

7  including medical information, tax information, and personnel records.   The identification of any

8  of the aforementioned types of information shall not be construed as an admission or concession

9  that such information is relevant to or otherwise subject to discovery.

10  3.      "HIGHLY CONFIDENTIAL" MATERIAL

11         "Highly Confidential" material to the extent it is produced or exchanged shall be  used to

12  mean information, documents and tangible things (regardless of the medium or manner in which

13  it is generated, stored, or maintained) containing information that the producing party reasonably

14  believes to be so highly sensitive that it could cause it significant competitive harm if revealed

15  beyond the universe of people entitled to see "Confidential" material.  Highly Confidential

16  material includes highly sensitive strategic corporate information related to financial or pricing

17  information, or information about confidential third-party agreements, revenue, profit, or loss

18  information.  Highly Confidential material shall not include any information that has been made

19  public or that it is legitimately subject to public disclosure.

20  4.      "EXPORT CONTROLLED MATERIAL"

21         "Export Controlled Material" to the extent it is produced or exchanged shall include

22  information, technical data, and/or technology that is subject to the requirements of the Export

23  Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, *et seq*. and/or the International Traffic

24  in Arms Regulations, which implement the Arms Export Control Act ("ITAR"), 22 CFR §§ 120.1

25  *et seq*.   Export Controlled Material may or may not also include Confidential Material.

26  Information subject to the EAR and ITAR shall at all times remain Export Controlled Material

1  regardless of whether such designation is made, in accordance with federal law. Such material

2  shall be marked clearly as "EXPORT CONTROLLED MATERIAL."[1]

3  5.    SCOPE

4  The protections conferred by this agreement cover not only Designated Material but also

5  (1) any information copied or extracted from Designated Material; (2) all copies, excerpts,

6  summaries, or compilations of Designated Material; and (3) any testimony, conversations, or

7  presentations by parties or their counsel that might reveal Designated Material.

8  However, the protections conferred by this agreement do not cover information that is in

9  the public domain or becomes part of the public domain through trial or otherwise.  This Order

10  shall not abrogate or diminish any contractual, statutory, or other legal privilege, obligation, or

11  right of any party or person, nor obligate any party or person to provide any discovery to which it

12  asserts objections.

13  6.    ACCESS TO AND USE OF DESIGNATED MATERIAL

14  6.1    Basic Principles. A receiving party may use Designated Material that is disclosed

15  or produced by another party or by a non-party in connection with this case only for prosecuting,

16  defending, or attempting to settle this litigation. Designated Material may be disclosed only to the

17  categories of persons and under the conditions described in this agreement. Designated Material

18  must be stored and maintained by a receiving party at a location and in a secure manner that ensures

19  that access is limited to the persons authorized under this agreement.

20  6.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

21  by the court or permitted in writing by the designating party, a receiving party may disclose any

22  "Confidential" material only to:

23  (a)    the receiving party's counsel of record in this action, as well as employees

24

25  [1]    Information designated as Confidential, Highly Confidential, Export Controlled Material, or ITAR-Controlled
       Material are together referred to as "Designated Material."

26

1   of counsel to whom it is reasonably necessary to disclose the information for this litigation and

2   who have been informed of their obligations hereunder;

3         (b)    the officers, directors, or employees (including in-house counsel and

4   outside counsel) of the receiving party to whom disclosure is reasonably necessary for this

5   litigation and who have been informed of their obligations hereunder;

6         (c)    experts and consultants to whom disclosure is reasonably necessary for this

7   litigation, and/or Comair's liquidators, provided that they sign the attached "Acknowledgment and

8   Agreement to Be Bound" (Exhibit A-1);

9         (d)    the court, court personnel, court reporters and any mediators retained in this

10  action, including their respective staff;

11        (e)    copy, imaging, or e-discovery services employees retained by counsel to

12  assist in the duplication or processing of confidential material, provided that counsel for the party

13  retaining the service instructs the service not to disclose any Confidential material to third parties,

14  store any such materials using the same level of care and data security it applies to its own

15  Confidential information, and to immediately return all originals and copies of any Confidential

16  material once possession is no longer necessary to perform the service;

17        (f)    during their depositions, witnesses in the action to whom disclosure is

18  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

19  (Exhibit A-1), unless otherwise agreed by the designating party or ordered by the court. Pages of

20  transcribed deposition testimony or exhibits to depositions that reveal Confidential material must

21  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

22  under this agreement;

23        (g)    the author or recipient of a document containing the information;

24        (h)    custodian or other person who otherwise possessed or knew the

25  information independent of this litigation;

26        (i)    any mock juror or professional mock jury provider retained by any of the

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:23-CV-00176-RSM - 4

1  parties to this litigation and who has signed the "Acknowledgment and Agreement to Be Bound"

2  (Exhibit A-1); and

3          (j)    any other person as to whom the designating party first agrees in writing

4  and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A-1).

5        6.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless

6  otherwise ordered by the court or permitted in writing by the designating party, a receiving party

7  may disclose any "Highly Confidential" material only to the persons identified in paragraphs

8  7.2(a), (b), (c), (d), (e), (f), (g), (h) and (j) who have signed the "Acknowledgment and Agreement

9  to Be Bound" (Exhibit A); provided however that "Highly Confidential" material shall not be

10  disclosed to the receiving party's officers, directors, employees or agents, or to Comair's

11  liquidators (except for in-house and outside litigation counsel employed by the receiving party

12  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A-1);

13        6.4    Handling of Export Controlled Material.  Each Party has the responsibility to ensure

14  that Export Controlled Material in its possession, custody or control is not made public nor

15  otherwise "exported" (as that term is described in 15 C.F.R. § 734.13 or 22 C.F.R. § 120.17) except

16  as permitted by law and regulations. To accomplish this, the following procedures shall apply to

17  all EAR-Controlled Material and ITAR-Controlled Material produced in this matter:

18          (a)    The producing party shall ensure that any document containing Export

19  Controlled Material is marked as such in good faith.

20          (b)    A receiving party shall ensure that initial receipt and storage of all produced

21  documents are limited to U.S. Persons in the United States.  If a receiving party then wishes to

22  export produced documents, they may do so only in accordance with federal law and regulations.

23  To the extent a license from the U.S. Department of State is required to export documents, the

24  receiving party is solely responsible for obtaining such a license.

25          (c)    If the receiving party is uncertain whether or what portion of a document

26  the designating party contends contains Export Controlled Material, the parties shall meet and

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:23-CV-00176-RSM - 5

confer in attempt to resolve the uncertainty in good faith.  Prior to or during the meet-and-confer, the receiving party shall explain its uncertainty and, in response, the designating party will clarify the basis for the designation and identify the information it contends is Export Controlled Material. If after the conference the matter remains disputed, the designating party has the burden in any challenge proceeding.

(d)     Notwithstanding such efforts to resolve the uncertainty, each party remains solely responsible for its own compliance with applicable law and regulations.

(e)     No person who is not lawfully able to review Export Controlled Material shall be permitted to review Export Controlled Material.

6.5     <u>Filing Designated Material</u>. Before filing Designated Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Designated Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

7.     <u>DESIGNATING PROTECTED MATERIAL</u>

7.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate

standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

7.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 8.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the appropriate designation to Designated Material using its established e-discovery process, or, if the material is not electronically stored information or otherwise in electronic form, clearly marked to identify it as Designated Material.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within forty-five (45) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Designated Material.  If a party or non-party desires to protect

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:23-CV-00176-RSM - 7

Designated Material at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate designation to identify Designated Material. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

7.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

8.     CHALLENGING DESIGNATIONS

8.1     Timing of Challenges. Any party or non-party may challenge the designation of Designated Material at any time.  Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.  The parties must use all reasonable efforts to make challenges to designations at least 30 days prior to the trial date.

8.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

8.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party must file and serve a motion to maintain the Designated Material under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) within 14 days following the conclusion of the parties' meet and confer efforts. The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges or refusals to withdraw and/or those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging and/or designating party to sanctions. All parties shall continue to maintain the material in question as required by this agreement until the court rules on the challenge.

9.     DESIGNATED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Designated Material that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Designated Material may be affected.

10.     UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:23-CV-00176-RSM - 9

agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A-1.  The unauthorized disclosure of Designated Material does not alter the status of the protected material or limit the rights or remedies of the designating party.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Within fourteen business days of providing notice, the producing party shall provide privilege log entry/entries covering such inadvertently produced material.  Nothing in this paragraph or order curtails a party's right to challenge the propriety of a designation or privilege assertion with the Court, or to assert that the holder of the privilege failed to take reasonable steps to prevent disclosure or failed to promptly take reasonable steps to rectify the error.  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12.     NON TERMINATION AND RETURN OF DOCUMENTS

Within 90 days after the termination of this action, including all appeals, each receiving party must certify destruction of all Designated Material to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Material. Counsel may also retain internal work product or email correspondence that may discuss, summarize, or attach Designed Materials, under

1   the express understanding that any such materials may not be used for any other purpose and the

2   obligations of confidentiality imposed by this Order remain.

3         The confidentiality obligations imposed by this agreement shall remain in effect until a

4   designating party agrees otherwise in writing or a court orders otherwise.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:23-CV-00176-RSM - 11

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    DATED:  December 27, 2023          */s/  Kristy Schlesinger*_____
                                        Hunter K. Ahern
3                                       WA Bar No. 54489
                                        701 Fifth Avenue, Suite 6800
4                                       Seattle, WA  98104-7066
                                        Telephone: (206) 344-7600
5                                       Facsimile: (206) 344-3113
                                        haharn@shb.com
6
7                                       Marc P. Miles (admitted *pro hac vice*)
                                        Kristy A. Schlesinger (admitted *pro hac vice*)
8                                       5 Park Plaza Suite 1600
                                        Irvine, California  92614
9                                       Telephone: (949) 475-1500
                                        Facsimile: (949) 475-0016
10                                      mmiles@shb.com
                                        kschlesinger@shb.com
11
12                                      *Attorneys for Plaintiff Comair Limited*

13

14

15   DATED:  December 27, 2023          */s/  Ulrike Connelly*_____
                                        Ulrike B. Connelly, Bar No. 42478
16                                      **Perkins Coie LLP**
                                        1201 Third Avenue, Suite 4900
17                                      Seattle, Washington 98101
                                        Telephone: 206.359.8000
18                                      Facsimile: 206.359.9000
                                        UConnelly@perkinscoie.com
19
20                                      Michael B. Slade (*admitted pro hac vice*)
                                        Casey McGushin (*admitted pro hac vice*)
21                                      **Kirkland & Ellis LLP**
                                        300 North LaSalle
22                                      Chicago, Illinois 60654
                                        Telephone: 312.862.2000
23                                      Facsimile:  312.862.2200
                                        Michael.slade@kirkland.com
24                                      Casey.mcgushin@kirkland.com

25                                      *Attorneys for Defendant the Boeing Company*

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:23-CV-00176-RSM - 12

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED:  January 3, 2024

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDG

EXHIBIT A-1

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of Comair Limited v. The Boeing Company (Case No. 2:23-cv-00176-RSM ). I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:23-CV-00176-RSM - 14