UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMAIR LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING COMPANY, ET AL.,<br><br>　　　　　Defendants. | CASE NO. C23-176 RSM<br><br>ORDER GRANTING MOTION TO COMPEL |

　　　　This matter is before the Court on Defendant Boeing's Motion to Compel. Dkt. #68. Plaintiff Comair Limited opposes. Dkt. #70. Neither party requests oral argument.

　　　　Boeing moves for "an order compelling Comair to (1) produce responsive ESI from prior to May 2018, or explain why and when it destroyed that information; (2) present a corporate representative for an in-person deposition in Seattle; and (3) for each individual noticed by Boeing for deposition, either present that witness in person for deposition in Seattle or confirm that Comair will not call that individual as a witness at trial." Dkt. #68 at 5.

　　　　Comair is a South African commercial airline company. Dkt. #1. On January 29, 2010, Boeing and Comair entered into an Aircraft General Terms Agreement ("AGTA"). *Id.* at 4. The purpose of the AGTA was to set forth the parties' general contract terms that would be

ORDER GRANTING MOTION TO COMPEL – 1

incorporated by reference into the parties' separate, subsequent purchase agreements for Boeing aircraft.

In September 2013, Comair and Boeing signed a Purchase Agreement for eight 737MAX aircraft. *Id*. at 31. Boeing's agreement to sell 737MAX aircraft to Comair was publicly announced on March 19, 2014. *Id*. at 33. On February 26, 2019—four months after the Lion Air Flight 610 crash— "Comair proudly accepted delivery of its first 737 MAX 8 from Boeing." *Id*. at ¶ 176. Under the terms of the Purchase Agreement, the second airplane was to be delivered in 2019, the third in 2020, the fourth in 2021, the fifth and sixth in 2022, the seventh in 2023, and the eighth in 2024. *See id*. Following the crash of Ethiopian Airlines Flight 302, "Boeing suspended all 737 MAX deliveries, including the seven remaining aircraft" that Comair had purchased. *Id*. at ¶ 191. In February 2020, Comair unilaterally purported to terminate the 2013 Purchase Agreement. *Id*. at ¶ 233. The parties disagree about the scope and lawfulness of Comair's termination, but Boeing agreed to cancel the second and third 737MAX deliveries. *See id*. at ¶ 235. In February 2021, Comair rejected Boeing's attempts to deliver the fourth 737MAX. *Id*.

In May 2020, Comair "file[d] a business rescue proceeding in South Africa." *Id*. at ¶ 234. On February 3, 2021, Comair filed a Verified Chapter 15 Petition for Recognition of a Foreign Main Proceeding in the U.S. Bankruptcy Court for the Southern District of New York. *Id*. at ¶ 236; *see also In re Comair Limited (In Business Rescue)*, Case No. 21-10298-JLG (Bankr. S.D.N.Y.). Comair ceased to operate in June 2022 and is now "in provisional liquidation and is being administered by the joint provisional liquidators." *Id*. at ¶ 234.

This case was brought on February 6, 2023. Dkt. #1. Discovery has not gone well. Comair has agreed to conduct searches for ESI from January 1, 2013, to June 14, 2022. Dkt. #69-10 at 4. Boeing alleges that "Comair has not produced a single electronically-stored

ORDER GRANTING MOTION TO COMPEL – 2

1  document dated prior to May 2018." Dkt. #68 at 5. Boeing finds the overall size of Comair's
2  ESI production suspicious—"only" 6,600 pages. *Id*. Comair has produced fewer than 400
3  emails. *Id*. Boeing says "more than half of Comair's meager production consists of public media
4  articles, publicly-available reports, and contracts to which Boeing is a party." *Id*.

5  Boeing's second and third issues relate to Comair's refusal to present witnesses for
6  deposition in this District. On March 21, 2024, Boeing served notices of deposition for: Erik
7  Venter, former CEO of Comair; Wrenelle Stander, former CEO of Comair; Martin Louw, former
8  Comair Director of Flight Operations; Derek Borer, former Secretary for Comair; Roy Clegg,
9  former Comair Fleet Chief Training Captain; Avi Bhatt, former Executive Managing Engineer
10 and Flight Development; and a 30(b)(6) representative. *Id*. at 7–8 (citing Dkt. #69-16). In April,
11 Comair responded to these notices by stating that the individuals were former employees,
12 directors, or officers who lived in South Africa, suggesting that Boeing would have to
13 domesticate subpoenas in South Africa for those witnesses to sit for a deposition, and inquiring
14 whether Boeing would agree to take the depositions remotely via Zoom if the individuals would
15 appear voluntarily. *Id*. at 9 (citing Dkt. #69-2 through #69-9). Boeing argues that Comair "has
16 not offered a single date, time, or place for Boeing to depose any witness." *Id*.

17 The Court is satisfied that the parties have met and conferred about these issues.

18 "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
19 party's claim or defense and proportional to the needs of the case, considering the importance of
20 the issues at stake in the action, the amount in controversy, the parties' relative access to relevant
21 information, the parties' resources, the importance of the discovery in resolving the issues, and
22 whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.
23 Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an
24 order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has

ORDER GRANTING MOTION TO COMPEL – 3

1  the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

"Generally, a plaintiff is required to submit to a deposition in the forum in which he brought suit." *Cervantes v. City of Des Moines*, No. C06-1714RSM, 2007 WL 9775555, at *1 (W.D. Wash. Oct. 16, 2007) (internal citation omitted); *see also McNutt v. Swift Transportation Co. of Arizona, LLC*, No. C18-5668 BHS, 2020 WL 419487, at *1 (W.D. Wash. Jan. 27, 2020). However, where a plaintiff can show good cause, a court may order the deposition to take place elsewhere. *Id.*; *see, e.g., In re Puerto Rico Elec. Power Authority*, 687 F.2d 501, 507 (1st Cir. 1982) (indicating that a plaintiff is not compelled to attend a deposition in the forum in which he brought suit if he can show undue burden or expense); *see also Forde v. Urania Transp., Inc.*, D.C.N.Y. 1958, 168 F.Supp. 240, 241 (finding that a plaintiff from Barbados was not compelled to attend a deposition in New York where he lacked the finances to make the journey).

Regarding the first issue, ESI from January 1, 2013, to June 14, 2022, is obviously relevant to Comair's claims because this is when the Purchase Agreement at issue was negotiated and executed. Comair argues that it "has already searched for, and has yet to locate" pre-May 2018 documents, and that "Comair cannot be compelled to produce something that it has not been able to locate." Dkt. #70 at 4. Comair essentially has no explanation for why it does not have possession of pre-May 2018 ESI. The Court finds it unacceptable that Comair would not have a clear idea of where these documents are at this stage in the litigation. Comair brought this case to prove breach of a contract and other claims related to that contract, but it seems it cannot produce any internal business records related to the negotiations for or execution of that contract. The Court will compel production of all ESI materials from January 1, 2013, to June 14, 2022, to be produced no later than 30 days from the date of this Order. The Court cautions that Comair's

ORDER GRANTING MOTION TO COMPEL – 4

1  failure to produce such records may serve as a valid basis for a discovery sanctions motion at a
2  later date.
3        Turning to the second issue, Comair provides no argument or explanation for why it
4  cannot present a 30(b)(6) witness for deposition in this forum.  "Generally, a plaintiff is required
5  to submit to a deposition in the forum in which he brought suit," *Cervantes*, *supra*, and this should
6  apply to a corporate representative.  The Court has addressed this concept in another case where
7  a different foreign airline chose to bring suit against Boeing in this District but moved for a
8  protective order to avoid presenting its witnesses in person for deposition here.  *See Smartwings,*
9  *A.S. v. Boeing Co.*, No. C21-918 RSM, 2023 WL 3075698 (W.D. Wash. Apr. 25, 2023).  The
10 Court denied Smartwings' Motion for a Protective Order.  Given all of the above, the Court finds
11 that Comair must make a 30(b)(6) representative available for an in-person deposition in this
12 District no later than 30 days from the date of this Order.
13       Finally, Comair argues that it cannot be compelled to make the remaining six witnesses
14 available for deposition here because they are third-party former employees. Dkt. #70 at 8.  As
15 such, this case is factually distinct from *Smartwings, supra*, where the witnesses were current
16 employees of Smartwings, or otherwise closely tied to Smartwings.  Boeing does not dispute this
17 but argues that Comair "readily controls the availability of these witnesses" because: Comair
18 listed these witnesses on its initial disclosures, required that Boeing contact them only through
19 Comair's counsel, relies on these witnesses for its allegations, and intends to bring them to Seattle
20 for trial. Dkt. #77 at 7.  In briefing, Comair argues that it has made offers "to have these witnesses
21 to appear voluntarily for depositions via Zoom or in-person in South Africa." Dkt. #70 at 8.  In
22 Reply, Boeing calls these offers "false" and states that Comair "repeatedly implied (including in
23 writing) that Boeing would need to domesticate subpoenas if it wanted to take the depositions in
24 person…" Dkt. #77 at 8 n.4.  The Court finds that these witnesses are third parties and the Court

ORDER GRANTING MOTION TO COMPEL – 5

is not convinced Comair is required at this moment to produce these witnesses for in-person depositions in this District. The parties appear able to resolve this issue through Zoom depositions or in-person depositions in South Africa facilitated, in good faith, by Comair's counsel. The parties should be able to resolve this issue without further Court involvement.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Boeing's Motion to Compel, Dkt. #68, is GRANTED as set forth above.

DATED this 21st day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE