THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMAIR LIMITED,

        Plaintiff,

v.

THE BOEING COMPANY,

        Defendant.

No. 2:23-cv-00176-RSM

**BOEING'S MOTION TO COMPEL COMPLIANCE WITH RULE 30(B)(6) TOPICS REGARDING COMAIR'S SPOLIATION OF EVIDENCE**

**NOTE ON MOTION CALENDAR: SEPTEMBER 19, 2024**

**REDACTED VERSION**

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 3

I.    Comair Fails to Comply with the Court's Order. ........................................................ 3

II.   Boeing Pursues the Missing Discovery, But Comair Refuses to Comply. ................. 5

ARGUMENT .......................................................................................................................... 7

I.    Comair Has Failed to Comply in Good Faith with Boeing's Legitimate Discovery Requests Regarding Comair's Preservation Efforts. .................................................. 7

II.   Comair Must Present a Sufficiently Prepared Representative to Testify About The 30(b)(6) ESI Preservation Topics. .............................................................................. 9

CONCLUSION ..................................................................................................................... 12

BOEING'S MOTION TO COMPEL
(No. 2:23-CV-00176-RSM) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*,
   2022 WL 874844 (E.D. Cal. Mar. 24, 2022) ...................................................................11, 12

*Anstead v. Virginia Mason Med. Ctr.*,
   2022 WL 1641425 (W.D. Wash. May 24, 2022) ..................................................................7, 8

*Corker v. Costco Wholesale Corp.*,
   2021 WL 84471 (W.D. Wash. Jan. 11, 2021) ................................................................7, 9, 11

*Erickson v. Biogen, Inc.*,
   2019 WL 3238470 (W.D. Wash. July 18, 2019) ....................................................................11

*Garth O. Green Enterprises, Inc. v. Harward*,
   2018 WL 611465 (D. Utah Jan. 29, 2018) .............................................................................12

*Krausz Indus., Ltd v. Romac Indus., Inc.*,
   2011 WL 13100750 (W.D. Wash. Aug. 10, 2011) .................................................................10

*MetroPCS v. A2Z Connection, LLC*,
   2020 WL 127550 (D. Nev. Jan. 10, 2020) ..............................................................................12

*Mirkarimi v. Nevada Prop. 1 LLC*,
   2014 WL 12514343 (S.D. Cal. Nov. 18, 2014) ........................................................................7

*Nat'l Urb. League v. Ross*,
   2020 WL 7488068 (N.D. Cal. Dec. 13, 2020) ..................................................................7, 8, 9

*Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*,
   262 F.R.D. 552 (D. Mont. 2009) ......................................................................................10, 12

*Puckett v. Cnty. of Sacramento*,
   2024 WL 1462390 (E.D. Cal. Apr. 4, 2024) ...........................................................................11

*White v. Smyers*,
   2015 WL 4369339 (E.D. Cal. July 14, 2015) ...........................................................................7

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

**INTRODUCTION**

The evidence in this case indicates that Comair violated its preservation obligations by losing or destroying key hard-copy and electronically stored information ("ESI") at the core of its claims. In response to the Court's Order compelling Comair to produce "all ESI materials from January 1, 2013, to June 14, 2022," Dkt. 80 ("Order") at 4, Comair produced just ***fifty-nine*** emails and their attachments. Comair produced 218 documents in total (setting aside duplicates and images of logos with no content), the vast majority of which are banking records and consulting agreements with one of its witnesses. As a result, the same concerns motivating the Court's prior Order remain: Comair still appears to have destroyed or lost a massive volume of "obviously relevant" material, *id.* at 4, has produced vanishingly little from the period of the parties' commercial relationship, and has produced nothing to support entire categories of damages that, according to its interrogatory responses, it still seeks.

To make matters worse, two months after the Order, Comair still "essentially has no explanation for why it does not have possession" of years' worth of "obviously relevant" documents. *Id.* In response to basic questions—like whether Comair preserved documents for all of its custodians, and when Comair learned relevant materials had been lost—Comair simply did not respond. When Boeing sought Rule 30(b)(6) testimony from Comair about data retention and collection, Comair initially indicated it would prepare a witness, but then just days before the depositions were set to occur, objected to those topics as "not relevant" and seeking privileged information, Ex. 9[1] at 9-11, and refused to prepare a witness. In fact, the lone witness Comair permitted to testify "a little" about Comair's document preservation efforts admitted he had "[n]o idea" what happened to ***any*** of Comair's data at any time since July 2019. Ex. 10, Venter 30(b)(6) Tr. at 10:19-11:3, 51:14-19, 63:4-64:22, 130:3-134:18.

---

[1] Citations to exhibits refer to exhibits from the Declaration of Michael Slade in Support of Boeing's Motion to Compel.

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

Even though Comair threatened litigation for years prior to filing its complaint and should have long known about its preservation obligations, to date—including its meager production in response to the Court's Order—Comair has produced just 1,303 documents total. Even the minimal deposition testimony Comair has permitted into these issues demonstrates the depth of Comair's non-participation in discovery. Its former CEO could not "explain why Comair doesn't possess copies" of foundational materials like "the proposal that Boeing made to Comair" that began discussions leading to the parties' Agreement, or Comair's response to the proposal, both of which Boeing produced in this case. Ex. 10, Venter 30(b)(6) Tr. at 63:4-18. Likewise, none of Comair's former CEO, CFO, or counsel have been able or willing to explain what happened to the supposed records that underly its damages calculations—materials Comair's damages expert purports to rely on, despite admitting that they are ▮▮▮▮▮▮▮▮▮ Ex. 13 at 8.

Given the volume and importance of the missing documents, the Court previously "caution[ed] that Comair's failure to produce such records may serve as a valid basis for a discovery sanctions motion at a later date." Order at 4-5. Boeing has tried every avenue to locate this information—repeatedly asking Comair to explain, seeking 30(b)(6) testimony, and subpoenaing the law firm that handled Comair's liquidation for responsive materials—to no avail. Stymied at every turn, Boeing is again forced to seek the Court's intervention to ensure the availability of a full record—including for this Court to decide a potential future sanctions motion.

Boeing respectfully seeks an order compelling Comair to produce a properly prepared Rule 30(b)(6) witness to testify regarding Comair's document preservation and collection and the loss of discoverable evidence. Moreover, because Comair obstructed Boeing's discovery efforts in the face of this Court's prior Order, without basis, Boeing requests that this Court award it the costs and fees incurred in preparing this motion and re-deposing Comair's 30(b)(6) representative(s).

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## FACTUAL BACKGROUND

### I. Comair Fails to Comply with the Court's Order.

The Court is familiar with the facts of this case, and this Motion incorporates its prior recitation of the parties' history. Dkt. 31 at 3-7. In brief: in 2013, Comair agreed to purchase eight 737 MAX for delivery in 2018 and beyond. Order at 2. Comair accepted one MAX aircraft in February 2019. *Id.* After the FAA grounded the MAX in March 2019, Boeing advised that it would be unable to timely deliver the next one. *Id.* By June 2019, Comair threatened to sue. Ex. 15 at BOE_COMAIR_00005721.

Comair's finances were already crumbling for reasons unrelated to Boeing and, in February 2020, it purported to terminate the entire Agreement. Order at 2. Then COVID hit, and South Africa banned air travel for months. Comair initiated "business rescue" (*i.e.*, bankruptcy) in May 2020 and went out of business. *Id.*

Comair filed this suit on February 6, 2023. To put this case into perspective, Comair acquired one MAX, purported to terminate at a time when it was clearly incapable of acquiring the remaining aircraft, and went out of business for reasons unrelated to Boeing; yet it somehow seeks ███████████. *See* Ex. 13 at Sched. 1.

In discovery, Comair has produced little. In May, Boeing moved to compel the production of documents and the deposition of a corporate representative in this forum. Dkt. 68. At the time, Comair had produced fewer than 1,000 documents, the majority of which were public news articles and copies of contracts. *Id.* at 1-2. Most of Comair's production lacked metadata in violation of the parties' ESI Protocol, making it impossible to confirm the origin of the documents. *Id.* at 4. Most notably, Comair had not produced any ESI from prior to May 2018. *Id.* at 1-2. For its part, Comair argued that it should not be ordered to produce the missing ESI because it "ha[d] yet to locate" any of it, taking the position that "Comair cannot be compelled to produce something it has not been able to locate." Dkt. 70 at 1.

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The Court granted Boeing's motion, finding the missing documents were "obviously relevant" and "finding it unacceptable" that Comair "essentially has no explanation for why it does not have possession" of the documents Boeing sought. Order at 3-4. The Court ordered Comair to "produce all ESI materials from January 1, 2013, to June 14, 2022." *Id.*

Comair then paid lip service to the Court's directive, effectively dodging its obligations. Comair produced an additional 344 files, of which it appears that approximately 115 were separately produced images of logos from email signatures with zero content, 11 were exact duplicates, and two were entirely redacted; of these additional files, 145 are Comair's bank records and 11 are consulting agreements with one of its witnesses. Slade Decl. ¶ 35. That is, in response to the Court's Order compelling Comair to produce *all* ESI from a nearly ten-year period, Comair produced just *59* emails and their attachments. *Id.*

In total, Comair has produced 1,303 documents. *Id.* ¶ 36. Approximately half have date metadata. According to that metadata, Comair produced 115 documents from 2018 and earlier, *id.* ¶ 38:

|  | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|---|
| Documents Produced | 31 | 19 | 13 | 11 | 17 | 24 | 260 | 121 | 39 | 15 |

Of Comair's entire production, only 53 documents show former CEO Erik Venter as a custodian, *id.* ¶ 37; yet he negotiated the agreements at issue, was allegedly lied to starting in 2011, and was CEO through July 2019. Only 5 documents show former co-CEO Glenn Orsmond as a custodian, yet he succeeded Mr. Venter and, with co-CEO Wrenelle Stander, led Comair to purportedly terminate the Agreement. *Id.* Only 24 documents from Ms. Stander have been produced. *Id.*

Comair has not explained why it has produced so few documents where one would expect many more in a complex civil action between two sophisticated businesses. This paltry production is particularly difficult to reconcile with Comair's threats of litigation for *years* before filing suit. *See, e.g.*, Ex. 15 (Jun. 3, 2019 claim letter). Comair's failure to preserve "obviously relevant"

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  information infects not only its contract and fraud claims, but also its calculation of alleged
2  damages.  For example, Comair's interrogatory answers, served 10 months ago, claim ████
3  ████████████████  Ex. 14 at Interrog. No. 7.  Comair's ex-CFO Kirsten King admitted that
4  she used documents on Comair's server and her laptop to calculate those damages in 2022 to 2023.
5  Ex. 12, King 30(b)(6) Tr. at 36:20-39:11.  But now, long after Comair should have preserved such
6  documents, Comair apparently intends to rely on this documentation despite admitting that it is
7  ████████████████████████  Ex. 13 at 8.  That information has not been produced; Ms. King
8  has no idea why and Comair refuses to say why.  Ex. 12, King 30(b)(6) Tr. at 38:9-39:11.

## II.  Boeing Pursues the Missing Discovery, But Comair Refuses to Comply.

In June it was already "unacceptable that Comair would not have a clear idea of where [its] documents are."  Order at 4.  Sworn testimony in the following weeks revealed Comair knew exactly where key documents were kept, but apparently did not preserve or collect them.  Given the wide gap between Comair's allegations and its production, Boeing requested discovery into Comair's preservation efforts—in multiple ways—only to have those requests stymied.

<u>Rule 34 Requests for Production ("RFP")</u>.  On May 10, 2024, Boeing served three RFPs requesting Comair's document retention policies and communications directing and showing document preservation.  Ex. 16 at RFP Nos. 78-80.  In response, Comair admitted it was "unable to identify any responsive documents" to Boeing's request for Comair's document retention policies.  Ex. 18 at 8-9.  And while Comair acknowledged it must make a reasonable search for, and produce, documents sufficient to show Comair's preservation efforts for this case, *id.* at 9, Comair has yet to meet such a showing.

<u>Rule 30(b)(6) Notice</u>.  On July 8, 2024, Boeing timely served a Rule 30(b)(6) Notice seeking testimony on preservation.  Ex. 5 at Topics 15-17 (the "Preservation Topics").  Counsel met and conferred the next day.  During the conference, Comair's counsel acknowledged the Preservation Topics and the need to produce a representative on them.  Slade Decl. ¶¶ 10-11; *see also* Connelly Decl. ¶¶ 3-4.  Comair requested additional time for its witness(es) to travel to this

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

1  forum, and Boeing agreed to provide 30 additional days, through mid-August. Slade Decl. ¶¶ 11-
2  12. Comair then said nothing until **two business days** before the deposition, when it refused to
3  produce a representative on the Preservation Topics identified a month beforehand. Ex. 9 at 8-11.

4        At Mr. Venter's 30(b)(6) deposition, Comair's counsel relented slightly, noting that Mr.
5  Venter could "testify a little bit on" Topic 15, which seeks information about Comair's record
6  management policies. Ex. 10, Venter 30(b)(6) Tr. at 10:19-11:3. But Mr. Venter was not prepared;
7  he had "[n]o idea" what happened to Comair's documents **at any time** after he left the company in
8  July 2019, id. at 51:14-19, 63:4-21, 133:17-21—the time period when Comair's expert suggests
9  that documents he relies on were lost or destroyed. Ex. 13 at 8 [REDACTED]
10 [REDACTED]
11 [REDACTED] Mr. Venter also testified that before he left Comair in July 2019, "[t]here was no
12 deletion" and "[e]verything was just kept," Ex. 10, Venter 30(b)(6) Tr. at 129:3-14, confirming
13 that the documents were lost or destroyed after his departure—precisely when they should have
14 been preserved. Comair refused to produce a witness on the remaining Preservation Topics and
15 shut down any efforts to question on them. *Id.*; Ex. 11, Borer 30(b)(6) Tr. at 6:18-24; Ex. 12, King
16 30(b)(6) Tr. at 8:1-12.

17       <u>Written Letter Requests</u>. Throughout this time, Boeing sent several requests to Comair
18 asking (time and again) for an explanation. Slade Decl. ¶¶ 2, 3, 7-8, 13, 21-22. Boeing posed
19 simple, straightforward questions, asking (1) whether and (if so) when "Comair preserved each
20 custodian's ESI," and (2) "[i]f Comair destroyed or lost any custodian's ESI," when the destruction
21 or loss occurred and "when [] Comair learn[ed] of that destruction or loss." Ex. 7 at 1. To this
22 day, Comair has not responded. Boeing further explained that it was "unfathomable" for Comair
23 to have not produced documents regarding its "claimed categories of damages" as it "must have
24 reviewed them to appropriately prepare" its interrogatory response. *Id.* ¶ 2. Again, to this day,
25 these documents have not been produced, nor has their absence been explained.
26

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

Subpoena to Comair's Former Law Firm. Boeing even served a subpoena on Pillsbury, Comair's bankruptcy counsel and the first attorneys to engage with Boeing in connection with Comair's damages claim, in an attempt to unearth documents that should have been preserved for Comair's bankruptcy. Boeing sought "[a]ll" documents "relating to Comair's document retention policies" and its "preservation, destruction and/or loss of electronically-stored information." Connelly Decl. ¶¶ 5-7 & Ex. 19 at 4-6. Pillsbury objected to the subpoena and responded that it had no documents to produce, as it never performed any data collections for Comair. *Id.* ¶ 7.

## ARGUMENT

A plaintiff who files a lawsuit must "fully participate in the discovery process which he initiated." *White v. Smyers*, 2015 WL 4369339, at *4 (E.D. Cal. July 14, 2015). "[D]iscovery into a party's discovery process," while not appropriate in every case, is permitted "where there is some indication that a party's discovery has been insufficient or deficient." *Anstead v. Virginia Mason Med. Ctr.*, 2022 WL 1641425, at *5 (W.D. Wash. May 24, 2022). That is the case here, and Comair's failure to comply in good faith with Boeing's requests constitutes a violation of its discovery obligations.

**I.  Comair Has Failed to Comply in Good Faith with Boeing's Legitimate Discovery Requests Regarding Comair's Preservation Efforts.**

This Court has already determined Comair's discovery deficiencies to be "unacceptable." Order at 4. Yet Comair continues to engage in discovery gamesmanship. Comair failed to comply with the Court's Order to produce "all" relevant ESI, *id.*—indeed, Comair's limited production failed to include key documents identified by Comair's CEO and CFO during their recent depositions. And Comair then stonewalled Boeing's legitimate efforts to conduct discovery into the causes and scopes of those deficiencies.

Boeing has two separate grounds for discovery into Comair's preservation efforts.

*First*, when faced with a threshold showing of a "disappointing production" because "more records" "could reasonably have [been] expected," the "paucity of records" "justifies further

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

investigation" into "how documents are kept and produced." *Corker v. Costco Wholesale Corp.*, 2021 WL 84471, at *3 (W.D. Wash. Jan. 11, 2021); *Mirkarimi v. Nevada Prop. 1 LLC*, 2014 WL 12514343, at *2 (S.D. Cal. Nov. 18, 2014) (finding "additional discovery is appropriate" given "the sparse amount of information produced"). Here, Comair's production from the key time period—when the parties were negotiating the contract Comair alleges was breached and that it was fraudulently induced into signing—is deficient. Comair should have ***many*** documents to produce; 115 documents from 2018 and earlier is "insubstantial." *Nat'l Urb. League v. Ross*, 2020 WL 7488068, at *2 (N.D. Cal. Dec. 13, 2020) (finding a party's production of 691 documents to be "inadequate"). Indeed, Mr. Venter testified that he had a "personal file" of hard copy documents related to the deal at his desk which he left in his office in 2019—***after*** Comair had threatened to sue. Ex. 10, Venter 30(b)(6) Tr. at 51:1-13. This file included "documentation relating to the purchase of [the] aircraft," "internal documents on things like the board's approval to purchase the aircraft," and "paper that would come through meetings between us and Boeing or internal meetings." *Id.* But only one document listing Mr. Venter as a custodian is a scan of a hard copy file—and it is one page from a Flight Global article. Slade Decl. ¶ 37. Mr. Venter had "[n]o idea" what happened to his hard copy files, nor could he explain "why [there are] so many communications that Boeing has possession of"—and that Boeing produced—but that "Comair does not." Ex. 10, Venter 30(b)(6) Tr. at 51:17-19, 129:15-130:5. Mr. Venter could not "explain why Comair doesn't possess copies" of "the proposal that Boeing made to Comair" that began discussions that led up to the Agreement, or Comair's response to the proposal. *Id.* at 62:4-22.

***Second***, discovery into discovery is permitted where documents have been "lost" or "are 'not reasonably accessible.'" *Anstead*, 2022 WL 1641425, at *5. Comair has admitted that documents tied to the majority of damages categories claimed in its interrogatory answers, and forming the basis for its claim, existed when Comair initially threatened to sue Boeing but are ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 13 at 8. These documents have not been produced. According to Comair's witness, these documents were available at one point ***during the course of this litigation***:

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

1  Ms. King testified that she personally used these materials to calculate the damages that Comair
2  tallied up in its October 2023 interrogatory response. Ex. 12, King 30(b)(6) Tr. at 36:2-37:12. Ms.
3  King could not explain why Comair has since (apparently) lost or destroyed these records, *id.* at
4  38:9-39:11, and Comair has refused to even try to provide such an explanation.

Comair may not simply refuse to "address these deficiencies." *Anstead*, 2022 WL 16141425, at *5. Boeing is entitled to create a full record of the extent to which Comair destroyed or lost relevant information—including so that it can, as appropriate, file a "sanctions motion at a later date." Order at 5. To complete the record, the Court should order Comair to provide "definitive, sworn answers regarding key document production issues in this case." *Nat'l Urb. League*, 2020 WL 7488068, at *2.

## II. Comair Must Present a Sufficiently Prepared Representative to Testify About The 30(b)(6) ESI Preservation Topics.

Boeing has made multiple efforts to confer and seek a path forward for over a year, only to be stonewalled. As a result, the Court should intervene again by enforcing adequate disclosures through 30(b)(6) testimony. Courts routinely grant such requests. *Corker*, 2021 WL 84471, at *3 (rejecting objections to 30(b)(6) deposition topic seeking "information regarding [a party's] document retention policies and efforts to preserve, search for, and produce documents requested in discovery"); *Nat'l Urb. League*, 2020 WL 7488068, at *2 (compelling 30(b)(6) testimony on the "limited topics of [the party's] retention, organization, collection, review, and production of documents"). Even Comair's counsel appears to recognize the legitimacy of Boeing's requests. Counsel originally acknowledged that Comair needed to prepare a representative on these topics and, after backtracking at the last minute, allowed "a little" questioning into one of the Preservation Topics. Ex. 10, Venter 30(b)(6) Tr. at 10:19-11:3. But the witness—Mr. Venter—had no relevant information on what happened to Comair's data between 2019 and today (the period when it appears to have been destroyed), except acknowledging that all emails were "just kept" and "there was no deletion" before then. *Id.* at 129:3-21.

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Comair must produce a corporate representative prepared to testify about the Preservation Topics and, at a minimum, the following questions:

- For Comair's custodians, does Comair possess data dating back to January 1, 2013? If so, when was the data collected? If not, when was the data destroyed or lost and when did Comair learn of that destruction or loss?

- Did Comair issue a preservation notice or litigation hold? To whom and when?

- What non-custodial data did Comair preserve and collect?

- What happened to the information used by Comair to calculate the damages claimed in its interrogatory answers? Why is it no longer available?

**Topic 15**. During Mr. Venter's deposition on other topics, Comair purported to designate him as a representative on Topic 15 (Comair's record management policies). Mr. Venter stated Comair had a "culture" of hoarding and kept "everything" with "no deletion[s]" when he was there, but disclaimed ***any*** knowledge of what happened to documents after he resigned in July 2019. Ex. 10, Venter 30(b)(6) Tr. at 127:10-129:5. This is wholly inadequate and amounts to having no 30(b)(6) witness. If Comair had (as Mr. Venter testified) a culture of hoarding where nothing was ever destroyed prior to July 2019, then what happened to all the relevant documents evidencing its consideration of entering into the Agreement? The information either exists or was destroyed after 2019—when Comair was already threatening litigation and had an obligation to preserve evidence. Other evidence in the record further supports this inference. *See* Ex. 13 at 8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Comair must produce a representative who is properly prepared. *Krausz Indus., Ltd v. Romac Indus., Inc.*, 2011 WL 13100750, at *2 (W.D. Wash. Aug. 10, 2011); *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 559 (D. Mont. 2009) ("Many courts treat the failure of an organization to produce a prepared and educated witness under Rule 30(b)(6) as tantamount to a nonappearance . . . ."). Where, as here, a plaintiff "fails to produce and prepare a knowledgeable

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

witness under Rule 30(b)(6)," redeposition (at Comair's expense) is warranted. *Pioneer Drive*, 262 F.R.D. at 560.

**Topic 16-17**. Comair's litany of eleventh-hour objections to the remaining topics fail to circumvent the textbook rule that 30(b)(6) depositions are appropriate. To start, Comair objects that the Preservation Topics exceed the bounds of Rule 30(b)(6) and seek privileged information. Comair does not say why all discovery into Comair's preservation efforts is privileged; even if there "may be questions within the scope of the topic which are unanswerable because of the attorney-client privilege" (which Comair has not established), that is no basis to "strike the entire question." *Erickson v. Biogen, Inc.*, 2019 WL 3238470, at *3 (W.D. Wash. July 18, 2019) (overruling objection to 30(b)(6) topic on a party's "policies and procedure in place . . . regarding document retention for litigation holds, including the timing and process of holding documents").

Comair also lodged a last-minute boilerplate objection that the Preservation Topics are overbroad, not proportional, and not stated with particularity. Yet, the Preservation Topics are narrowly tailored, for example, to Comair's "ESI Disclosure" and "custodians and non-custodial sources identified in this case." Ex. 9 at 9-10. In any event, Comair's objections are baseless. *Puckett v. Cnty. of Sacramento*, 2024 WL 1462390, at *2 (E.D. Cal. Apr. 4, 2024) (overruling objection that 30(b)(6) deposition topics regarding incomplete production lacked particularity and posed an undue burden).

Finally, Comair contends this information is not relevant when this Court has already decided **the opposite**: "ESI from January 1, 2013 to June 14, 2022 is obviously relevant" and Comair's lack of an explanation for missing documents is "unacceptable." Order at 4. It follows that discovery into Comair's inability to explain its missing documents is likewise relevant. *See Corker*, 2021 WL 84471, at *3 (overruling relevance objection); *Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*, 2022 WL 874844, at *4 (E.D. Cal. Mar. 24, 2022) (holding 30(b)(6) topics on the "type and quantity of documents that [the party] should be expected to maintain, search for, and ultimately produce" is "relevant").

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Most egregious of all, Comair objects that this Court's prior Order "does not . . . allow Defendant to expand the scope of the Notice of Deposition *after* the ruling on the motion." Slade Decl. Ex. 9 at 9-11 (emphasis in original). Comair does not cite the Court's Order—nor could it. The Court's prior Order, in addition to directing Comair to produce all relevant ESI (which Comair did not do), addressed only ***the location*** for the depositions (Seattle) and did not address the topics for that deposition at all. Nothing in the Order precluded Boeing from timely supplementing its 30(b)(6) notice to add topics directly relevant to exploring the subject of Comair's "failure to produce" records that are "obviously relevant to Comair's claims." *Id.* at 4-5; *Aerojet,* 2022 WL 874844, at *2 (permitting amended 30(b)(6) notice following motion to compel and finding objections to the amended 30(b)(6) notice to be "a somewhat disingenuous attempt to re-litigate the [court's] order"). Boeing properly supplemented and gave Comair a full month to prepare a witness to testify about these topics. *See* Slade Decl. ¶¶ 9, 19, 21.

This Court should follow clear precedent and compel the requested 30(b)(6) testimony. The Court should also order Comair to pay the costs and fees associated with this motion and the redeposition forced by Comair's tardy and baseless objections. *Garth O. Green Enterprises, Inc. v. Harward*, 2018 WL 611465, at *7 (D. Utah Jan. 29, 2018) (ordering costs and attorney's fees for 30(b)(6) redeposition); *Pioneer Drive*, 262 F.R.D. at 560 (D. Mont. 2009) (same); *MetroPCS v. A2Z Connection, LLC*, 2020 WL 127550, at *3 (D. Nev. Jan. 10, 2020) (same).

## CONCLUSION

For the foregoing reasons, Boeing respectfully requests that this Court grant its Motion and compel Comair to make witnesses available in Seattle to testify on Topics 15-17 of Boeing's Rule 30(b)(6) Notice within 14 days. Boeing also respectfully requests that the Court order Comair to pay Boeing's costs and fees incurred in preparing this motion, and in re-deposing Comair given that Comair had no basis for its actions to obstruct Boeing from gathering this information.

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000

I certify that this memorandum contains 4,198 words, in compliance with the Local Civil Rules.

Dated: August 29, 2024

By: *s/ Ulrike B. Connelly*

Ulrike B. Connelly, Bar No. 42478
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
UConnelly@perkinscoie.com

By: *s/ Michael B. Slade*
Michael B. Slade (admitted *pro hac vice*)
Casey McGushin (admitted *pro hac vice*)
**Kirkland & Ellis LLP**
333 W. Wolf Point Plaza
Chicago, IL 60654
michael.slade@kirland.com
casey.mcgushin@kirkland.com

*Attorneys for Defendant The Boeing Company*

BOEING'S MOTION TO COMPEL
(No. 2:23-cv-00176-RSM) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206 359.8000
Fax: 206.359 9000