THE HONORABLE RICARDO S. MARTINEZ

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| COMAIR LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING COMPANY, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-00176-RSM<br><br>**PLAINTIFF COMAIR'S OPPOSITION TO BOEINGS MOTION TO COMPEL COMPLIANCE WITH RULE 3(B)(6) TOPICS REGARDING COMAIR'S SPOLIATION OF EVIDENCE** |

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

Shook, Hardy & Bacon L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

1

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   SUMMARY OF RELEVANT FACTS .............................................................................. 2

III.  ARGUMENT ....................................................................................................................... 8

   A.   The Size of Comair's ESI Production is Not Evidence of Spoliation and Does Not Justify Extraordinary and Discouraged *Discovery on Discovery*. ........................................................................................ 8

   B.   Comair Complied with the June 21st Order. .......................................................... 12

   C.   Boeing's Amended 30(b)(6) Notice Is Not Subject to The June 21st Order. ......... 12

   D.   "New" Topic Nos. 16-17 are Clearly Directed at Privileged Information. .......... 12

IV.   CONCLUSION .................................................................................................................. 13

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA  98104
206.344.6700

i

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcraft v. Experian Info. Sols., Inc.*,
  No. 16-cv-02978-JAD-NJK, 2018 WL 6171772 (D. Nev. Nov. 26, 2018)...............................9

*Fish v. Air & Liquid Sys. Corp.*,
  2017 WL 697663 (D. Ma. Feb. 21, 2017) ...............................................................................9

*Jensen v. BMW of North America, LLC*
  (S.D. Cal. 2019) 328 F.R.D. 557 ............................................................................................9

*Perez v. DirecTV Grp. Holdings, LLC*,
  No. SACV1601440JLSDFMX, 2020 WL 5875026 (C.D. Cal. Aug. 17, 2020) .....................9

*RG Abrams Ins. V. L Offs. Of C.R. Abrams*,
  2021 WL 10312431 (C.D. Cal. Dec. 22, 2021) ....................................................................11

*Salzgitter Mannesmann Int'l (USA) Inc. v. Sun Steel Co. LLC*,
  No. 3:22-CV-00030, 2022 WL 3041134 (S.D. Tex. Aug. 2, 2022) .................................10, 11

*Winfield v. City of New York*,
  2018 WL 840085 (S.D.N.Y. Feb. 12, 2018).............................................................................9

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

**Shook, Hardy & Bacon L.L.P.**
701 Fifth Ave., Suite 6800
Seattle, WA  98104
206.344.6700

ii

## I. INTRODUCTION

On January 6, 2021, Defendant The Boeing Company ("Boeing") entered into a Deferred Prosecution Agreement—as part of the criminal prosecution of Boeing concerning the 737 MAX aircraft—wherein Boeing admitted to the facts establishing Boeing's conspiracy to commit fraud. [Ex. A.] In said Statement of Facts, Boeing sets forth in detail its wrongful conduct, fraud and deceit, which led to Lion Air Flight 610 and Ethiopian Airlines Flight 302 crashing and killing everyone aboard. [Id.]

This Statement of Facts also serves as the basis for Boeing's fraud and wrongful conduct vis-à-vis Boeing's customers. As part of the Deferred Prosecution Agreement, Boeing was required to pay a U.S. Criminal Monetary Amount of $2.5 billion—of which there is "$1,770,000,000 in compensation to Boeing's airline customers (the Airline Compensation Amount"). More specifically, Boeing agreed: "The Company agrees to pay a total Airline Compensation Amount of $1,770,000,000 to its airline customers for the direct pecuniary harm that its airline customers incurred as a result of the grounding of the Company's 737 MAX." [Ex. A ¶12.]

Boeing cannot contradict any of the facts in the Statement of Facts articulating its wrongful conduct: "The Company expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents, or any other person authorized to speak for the Company make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Company set forth above or the facts described in the attached Statement of Facts." [Ex. A ¶ 32.] Even in defending itself in this case, Boeing cannot contradict any of the admitted showing its wrongful conduct: "The Company shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the attached Statement of Facts provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the attached Statement of Facts." [Ex. A ¶ 32.] The import of this is that Boeing has very little, if any, defenses in this case. Hence,

Boeing's litigation tactic is to create discovery disputes, since it cannot litigate on the merits.

To wit, *after* this Court granted Boeing's motion to compel Comair's 30(b)(6) witnesses to be deposed in Seattle instead of where they live in South Africa [Dkt. No. 80], Boeing added new categories to the deposition notice and is now claiming in its Motion that Comair has violated this Court's original order. Even worse, the newly-added deposition categories consist of the proverbial "discovery on discovery," whereby Boeing wants to depose Comair's lawyers on how discovery was put together. The moving of the goal posts after the Court's order and the discovery on discovery topics are improper, and the Motion should be denied.

## II.   SUMMARY OF RELEVANT FACTS

On March 21, 2024, Boeing served a 30(b)(6) notice of deposition upon Comair that included 14 categories for a 30(b)(6) deposition. The March 21st Notice was one of the subjects of Boeing's May 6, 2024 Motion to Compel [Dkt. No. 68.], and was attached to that motion as Exhibit 16. There was a dispute over where the depositions would be conducted. Boeing sought to compel Comair's 30(b)(6) witnesses – i.e., third-party, former employees living in South Africa – to be deposed in Seattle on the 14 topics set forth in the March 21st Notice. Comair, having no control over former employees, contended the depositions should be taken in South Africa. The Court ruled that while individual third parties could not be compelled to be deposed in Seattle, Comair's 30(b)(6) witness could (even if they are former employees). [Dkt. No. 80.] Comair then began to diligently work to identify and make the third-party, South African former employee representatives available for in-person depositions in Seattle.

Because these representatives encountered difficulties in obtaining the requisite travel visas, Comair filed an Unopposed Motion to Amend the Order to extend the time for the representatives to appear at deposition by thirty days, to August 20, 2024,

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

2

1  which was granted by this Court. [Dkt. Nos. 83-84.]  The motion was granted.

2  More than two weeks *after* the motion to compel was granted, Boeing revised the deposition notice which was the subject of the motion and added three new categories:

> **No. 15:** Comair's records management policies and practices, including persons responsible for, locations of, and dates of availability and destruction of paper documents and electronically stored information.
>
> **No. 16:** Preservation, collection, and production of relevant materials (both ESI and other materials, such as hard copy) from all custodians and non-custodial sources identified in this case.
>
> **No. 17:** Comair's process of identifying potentially relevant information to [disclose] as custodial and non-custodial sources in its ESI Disclosure.

[*See* Dkt. No. 89-5.]

Coincidentally, the next day (July 9, 2024), the parties met and conferred about a number of issues.  Contrary to assertions by Boeing's counsel [*see* Dkt. 89-0 at ¶ 10-11], Comair's counsel never suggested that Comair would not object to these three new topics, nor did counsel suggest that Comair would make a representative available on these three topics pursuant to the June 21st Order – which only involved the 14 topics from the March 21st Notice.  [Schlesinger Decl., ¶ 6.]  Comair objected to these three additional topics [Dkt. 89-9].

Notwithstanding the objections, Comair indicated that it would see if any of the third-party individuals who were able to secure passports and visas to come to the United States could cover the new Topic No. 15.

On August 13, 14 and 15, 2024, third-party, former employees Erik Venter, Derek Borer and Kirsten King traveled from South Africa and were deposed as

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

3

Comair's 30(b)(6) representatives at in-person depositions in Seattle, Washington, on Topic Nos. 1-14. [Schlesinger Decl., ¶ 7.] *In addition*, Comair made Mr. Venter (CEO) available to discuss the "new" Topic No. 15. [Motion at p. 10.] Mr. Venter testified extensively about the Comair's retention records policies and practices, as well as the fact that documents were not destroyed pursuant to any destruction policy. [Ex. B, pp. 126:24-129:14.]

Boeing then disingenuously questioned Mr. Venter about the document production in the litigation—knowing that he was no longer with the company and was not involved. Mr. Venter candidly indicated he did not know, as he was no longer with the company. [Ex. B, pp. 129:15-131:21.] Despite this line of questioning being far beyond the scope of the Topic No. 15 (quoted above), Boeing now uses his "I don't know" responses to create a discovery dispute.

Notably, Boeing dragged Mr. Borer from South Africa to Seattle to testify in person, and refused to take the deposition via Zoom. Despite imposing days of travel on Mr. Borer to cross the globe to sit for a deposition in Boeing's counsel's office, Boeing examined him for *47 minutes*. [Ex. C] Mr. Borer was not designated on an insignificant topic, he was the witness on category No. 8 concerning "Comair's decision to seek to terminate the Purchase Agreement including any contractual provision(s) Comair claims permitted it to terminate." This topic is the subject of Comair's claim for breach of contract and Boeing's counter claim.

Prior to these depositions, on July 19, 2024, Comair also complied with the additional provisions of the June 21st Order by producing all relevant, non-privileged documents in its possession, custody, or control. [*See* Ex. D.] To be as transparent as possible, Comair also provided Boeing with a supplemental written response to the request for production of documents and explained exactly what was done in terms of searching for and producing documents:

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

4

Comair, and its counsel, Shook, Hardy & Bacon, LLP ("Shook"), have utilized an e-discovery provider, Technology Concepts & Design, Inc. ("TCDI"), and its software called CV Lynx (or ClarVergence), to store and manage electronic records in this matter.

In accordance with the ESI protocol and agreement between the parties, Shook had TCDI conduct ESI searches of the agreed to custodians, based on the agreed to search terms, for ESI dated between January 1, 2013 and June 14, 2022. Specifically, the agreed custodians (collectively, the "Custodians") for Comair's document searches and productions were:

- Pieter Ackerman;
- Avi Bhatt;
- Johannes Bitzer;
- Derek H. Borer;
- Johann Bruwer;
- Roy Clegg;
- Kirsten E. King;
- Martin N. Louw;
- Yasas Sri-Chandana;
- Wrenelle Stander;
- Erik R. Venter; and
- Glenn Orsmond.

The agreed to search terms were:

- Boeing + Comfort + Letter
- Boeing + AGTA
- Boeing + (MAX OR (737 w/2 8) OR 737*) + Purchase w/5 Agreement
- Boeing + (MAX OR (737 w/2 8) OR 737*) + Supplemental w/5 Agreement
- Boeing + (MAX OR (737 w/2 8) OR 737*) + Letter w/5 Agreement
- (MAX OR (737 w/2 8) OR 737*) + Crash(!)
- (MAX OR (737 w/2 8) OR 737*) + Detail Spec(!)
- (MAX OR (737 w/2 8) OR 737*) + Difference(!) + Train(!)
- (MAX OR (737 w/2 8) OR 737*) + FAA
- (MAX OR (737 w/2 8) OR 737*) + FCOM
- (MAX OR (737 w/2 8) OR 737*) + Grounding
- (MAX OR (737 w/2 8) OR 737*) + Hangarage
- (MAX OR (737 w/2 8) OR 737*) + Insurance
- (MAX OR (737 w/2 8) OR 737*) + Investec
- (MAX OR (737 w/2 8) OR 737*) + Level B
- (MAX OR (737 w/2 8) OR 737*) + Level D
- (MAX OR (737 w/2 8) OR 737*) + Lufthansa w/1 Technik
- (MAX OR (737 w/2 8) OR 737*) + MCAS
- (MAX OR (737 w/2 8) OR 737*) + Maintenance
- (MAX OR (737 w/2 8) OR 737*) + NG
- (MAX OR (737 w/2 8) OR 737*) + PDP
- (MAX OR (737 w/2 8) OR 737*) + Pilot + Train(!)
- (MAX OR (737 w/2 8) OR 737*) + Senior w/1 Debt w/ 1 Capital
- (MAX OR (737 w/2 8) OR 737*) + + Senior w/1 Debt w/ 1

Facility
- (MAX OR (737 w/2 8) OR 737*) + Simulator
- (MAX OR (737 w/2 8) OR 737*) + Wet w/1 Lease
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND (deposit*)
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND (PDP* OR "pre-delivery payment")
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND (refund* OR "get back" or return*)
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND (price OR concession* OR entitlement*)
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND (capacity) [1/1/2019 to 5/5/2020]
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND (escalat*)
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND Airbus
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND (deliver* OR EIS) [1/1/2019 to 5/5/2020]
- (Boeing OR MAX OR (737 w/2 8) OR 737*) AND (terminat* OR cancel*) [1/1/2019 to 5/5/2020]

Following these searches, TCDI informed Shook that 10,750 records (including family documents) were responsive to the above-listed search terms. Shook then reviewed all 10,750 documents for relevance, responsiveness and privilege, and thereafter produced all relevant, responsive, non-privileged ESI documents to Boeing on April 18, 2024.

Thereafter, Boeing's counsel raised the issue with Comair that its ESI production did not include documents prior to May 2018. Upon request from Shook, TCDI investigated the issue raised by Boeing and determined that, of 10,750 documents resulting from the agreed to search terms, only 81 of those records pre-dated 2018, but were all non-responsive.

Pursuant to another request from Shook, TCDI investigated the composition of the entirety of the database of documents received from Comair – i.e., without the agreed to limitation on custodians, time periods or search terms. From that investigation, TCDI determined that the total, unlimited "universe" of Comair documents in its possession consisted of the following:

**Emails sent on or before December 31, 2017:**
45,936 (163,821 expanded to include family documents)

**Emails sent on or after January 1, 2018:**
274,508 (1,087,121 expanded to include family documents)

In digging deeper, Shook discovered that, because Comair ceased its operation prior to the commencement of this action, certain documents and records were in PST files labeled by generic names, such as "Archive" or "HR." As such, when these files were uploaded to CV Lynx, it resulted in the "custodian" of the emails to appear as the name of PST file, instead of the email's actual custodian. For instance, an email from Erik Venter in the "Archived" PST would indicate "Archived" as the assigned custodian, instead of Erik Venter.

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

6

Thus, Shook further instructed TCDI to (a) search all of the generically-named PST folders for the names of the Custodians appearing both in the top level metadata (in the "To," "From," "CC," and/or "BCC" lines of an email) and within the full text of an email thread, and (b) label any such record as belonging to the respective Custodian(s) included in the email.

As a result, TCDI reached the following totals:

**Custodian emails sent on or before December 31, 2017:**
27,443 (99,668 expanded to include family); and

**Custodian emails sent on or after January 1, 2018:**
181,851 (732,647 expanded to include family).

To be over-inclusive, Shook then broadened the search terms beyond what the parties agreed to. Shook instructed TCDI to conduct new searches, including the following more generic terms on all pre-2018 emails, and all pre-2018 emails relating to the Custodians:

- "Boeing" and "737*"
- "Boeing" and "Max"
- "Differen*" w/3 "train*"
- "Level B"
- "Level D"
- "MCAS"
- "Maneuvering Characteristics Augmentation System"
- "Max" and "737*"
- "PDP"
- "ZS-ZCA"

The "hits" on the new, broader search terms resulted in the following:

**All pre-2018 emails:**
2,310 total hits across all new terms (8,605 direct hits expanded to include family documents); and

**Custodian-only pre-2018 emails:**
1,627 total hits across all new terms (6,367 direct hits expanded to include family documents).

Shook then reviewed the 6,367 documents for relevance, responsiveness and privilege.

Although not responsive to the original ESI parameters agreed to by the parties, Comair is concurrently producing all relevant, responsive, non-privileged ESI documents from this broader search to Boeing. This includes additional ESI documents pre-dating 2018 and can be found at COMAIR006679-006894.

[Ex. D]

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

**SHOOK, HARDY & BACON L.L.P.**
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

7

## III. ARGUMENT

### A. The Size of Comair's ESI Production is Not Evidence of Spoliation and Does Not Justify Extraordinary and Discouraged *Discovery on Discovery*.

There is zero evidence of spoliation by Comair. As shown in the Section II, Comair provided Boeing with a thorough explanation of its ESI methodology. [*See* Ex. D.] In fact, Comair was diligent to ensure full compliance with the Court's June 21st Order, which included an investigation into the composition of the database of documents from the now-defunct entity. [Id.]

During its investigation, Comair discovered that as a result of the cessation of its operations, certain documents and records were in .PST files labeled by generic names, such as "Archive" or "HR." [Id.] The uploading of these files to the document database resulted in the "custodian" of the files to appear as the name of the .PST file, instead of the email's actual custodian. [Id.] To remedy this issue, Comair searched all of the generically-named .PST folders for the names of the custodians agreed upon by the parties that appeared both in the top level metadata ('in the "To," "From," "CC," and/or "BCC" lines of an email) and within the full text of an email thread, and label any such record as belonging to the respective custodian included in the email. [*Id.*] This search resulted in a total of 27,443 pre-2018 documents (99,668 expanded to include family). [Id.] This is direct evidence contrary to Boeing's veiled suggestion that Comair destroyed pre-2018 documents.

Next, Comair *voluntarily expanded* the scope of the agreed-upon search terms to ensure that all potentially relevant documents were produced. [Id.] For example, the original search terms included the terms "Boeing" and/or "Max" with an additional term, e.g.: "Boeing + (MAX OR (737 w/2 8) OR 737*) + Purchase w/5 Agreement;" or "(Boeing OR MAX OR (737 w/2 8) OR 737*) AND (escalat*)." Comair's new terms included less limiting parameters – e.g.: "Boeing" and "737*;" or

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

Shook, Hardy & Bacon L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

8

"Boeing" and "Max." [Id.]  This search—with voluntarily broadened parameters than the ones the parties agreed to—resulted in 1,627 total hits (6,367 direct hits expanded to include family documents). [Id.]

Comair reviewed these documents and produced all documents responsive to Boeing's requests for production.  [Schlesinger Decl., ¶ 8.]

As a further showing of good faith, Comair also produced examples of *non-responsive* documents from the 6,367 documents it reviewed—to establish that Comair in fact has documents from 2012-2017 (i.e., pre-2018) between it and Boeing, but they are not relevant. [Ex. F]  This establishes that there was no spoliation of ESI—as documents exist going back in time—but instead that the agreed-upon ESI search terms simply did not produce as much fruit as Boeing expected.

Comair apprised Boeing of the above-described process, methodology and findings in effort to eliminate any doubt as to whether any gamesmanship has occurred.  [Schlesinger Decl., ¶ 8; *see also* Ex. D.]

Discovery on discovery is "closely scrutinized" and "strongly discouraged" under the law, and only appropriate in rare circumstance. *Jensen v. BMW of North America, LLC* (S.D. Cal. 2019) 328 F.R.D. 557, 566; *Ashcraft v. Experian Info. Sols., Inc.*, No. 16-cv-02978-JAD-NJK, 2018 WL 6171772, at *2 n. 2 (D. Nev. Nov. 26, 2018); *Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, at *17 (D. Ma. Feb. 21, 2017) ("To add another level of discovery" to the time-consuming and costly process of discovery "in every case is fraught with peril").  "When the discovery sought is collateral to the relevant issues (i.e., discovery on discovery), the party seeking discovery must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'"  *Perez v. DirecTV Grp. Holdings, LLC*, No. SACV1601440JLSDFMX, 2020 WL 5875026, at *2 (C.D. Cal. Aug. 17, 2020) (citing *Winfield v. City of New York*, 2018 WL 840085,

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA  98104
206.344.6700

9

at *3 (S.D.N.Y. Feb. 12, 2018)).

Absent a material failure by the responding party to meet its discovery obligations, discovery on discovery should not be allowed. *Salzgitter Mannesmann Int'l (USA) Inc. v. Sun Steel Co. LLC*, No. 3:22-CV-00030, 2022 WL 3041134, at *2 (S.D. Tex. Aug. 2, 2022).

The *Salzgitter* opinion is instructive. There, the court found that a letter including a detailed explanation as to how emails were searched rendered any further inquiry pertaining to discovery on discovery "completely unnecessary." *Id.* The court reasoned that allowing a party to "undertake 'discovery on discovery' without any factual reason to believe that any documents responsive to the subpoena have been withheld would send [the parties and the court] off on a tangent that might never end." *Id.* The *Salzgitter* court further reasoned:

> [N]either a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere "speculation") of a material failure by the responding party to meet its obligations. *Id*.

Boeing knows this law and these restrictions well. Boeing made this same argument—which is directly opposite of the position it now takes—in a case filed against it in this District by Zunum Aero, Inc. (Case No. 2:21-cv-00896-JLR). [Ex. E.] There, Boeing was facing an identical motion that they brought here—claiming that there was spoliation because there was a gap in the evidence produced. In opposition, Boeing confirmed that purported custodial file "gaps" are not evidence of spoliation. [Id. p. 8-10.] The same is true here.

As discussed above, in an attempt to eliminate the need for unnecessary motion practice, Comair previously informed Boeing of all the efforts it undertook in searching for and producing relevant, non-privileged documents. In fact, Comair *exceeded* its discovery obligations by also producing non-relevant documents to

COMAIR'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH RULE 30(B)(6)
TOPICS

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

10

Boeing in an attempt to illustrate that no documents were being improperly withheld, and disprove Boeing's false narrative that Comair was engaging in discovery misconduct or that no pre-2018 documents were in the universe of ESI. As in *Salzgitter*, Comair's detailed explanation of how its documents were searched renders Boeing's Motion completely unnecessary.

Further, there is no evidence that actual spoliation has occurred. Boeing's request for discovery on discovery is based on general allegations of deficiencies and mere speculation. *See, e.g.*, Mot. at 8 ("Comair *should* have many documents to produce . . . ."). Boeing asserts that Mr. Venter's deposition testimony is indicia of Comair's deficient document production in part because there was only one document that listed Mr. Venter as a custodian. This argument ignores Comair's investigation of the document database.

Further, Mr. Venter testified that his "personal file of hard copy documents" included documents such as the board's approval to purchase the aircraft. [Dkt. 89-10.] But, in light of the cessation of Comair's business, and the storage of certain files in generally named .PST files, scans of documents such as the board meeting minutes would not have ESI indicating Mr. Venter as a custodian (as they were hard copies). Neither does Mr. Venter's inability to testify about the location of documents after his departure from Comair in July 2019 prove spoliation, nor warrant discovery on discovery.

Bottom line, Boeing has *zero* evidence of any purported spoliation by Comair – other than the *ipse dixit* and speculation of its counsel that more ESI should exist. That is insufficient to warrant the extraordinary order this Motion seeks. *See, e.g., RG Abrams Ins. V. L Offs. Of C.R. Abrams*, 2021 WL 10312431, at *12 (C.D. Cal. Dec. 22, 2021). But it does not curb Boeing's efforts to harass Comair—similar to forcing a former employee to travel halfway around the world to ask him questions for 47 minutes.

COMAIR'S OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH RULE 30(B)(6) TOPICS

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
206.344.6700

1  This Motion should be denied for this reason alone.

2  **B.    Comair Complied with the June 21st Order.**

Comair complied with the June 21st Order by making three 30(b)(6) representatives available for in-person depositions in Seattle. Specifically, on August 13, 14 and 15, Comair flew three *former* employees across the world from South Africa to Seattle to sit for three days of 30(b)(6) depositions on *all* 14 topics that were the subject of the Court's June 21st Order. [*See* Ex. 16 (Boeing's 3.21.24 30(b)(6) Notice to Comair) to Boeing's May 6, 2024 Motion to Compel (Dkt. 68).] The Court's Order with respect to the 30(b)(6) deposition was fully complied with.

**C.    Boeing's Amended 30(b)(6) Notice Is Not Subject to The June 21st Order.**

Boeing's unilateral decision to tack on three additional 30(b)(6) topics more than two weeks after the June 21st Order was issued did not require Comair to comply. Boeing has provided no authority that the Court's June 21st Order applies to any subsequent deposition topics–despite request from Comair to provide the same.

Nor would it be reasonable to give Boeing such unlimited power over Comair and its 30(b)(6) representative witnesses, all of whom are third-party South African witnesses. The Court's Order was not a blank check that Boeing could fill in later and then file a discovery motion on. That cannot be the meaning or intent of the June 21st Order and Boeing should be precluded from mischaracterizing that order as such.

**D.    "New" Topic Nos. 16-17 are Clearly Directed at Privileged Information.**

Despite all of the foregoing, Comair still acted reasonably by voluntarily seeing if one of the witnesses covering the 14 deposition topics could also testify on No. 15 regarding documents retention policies and practices. And it did just that. The former CEO covered that topic. Boeing admits that Mr. Venter testified on topic No. 15 on August 13, 2024 [Motion at p. 10]. But when it came to topics Nos. 16 and 17, they

are just too far field of permissible deposition topics as they relate to unwarranted discovery on discovery and, boiled down to its true essence—seek to depose Comair's attorneys on how discovery was handled.  Topic Nos. 16-17 would clearly invade attorney-client and work-product privileges:

> **No. 16:** Preservation, collection, and production of relevant materials (both ESI and other materials, such as hard copy) from all custodians and non-custodial sources identified in this case.
>
> **No. 17:** Comair's process of identifying potentially relevant information to [disclose] as custodial and non-custodial sources in its ESI Disclosure.

[*See* Dkt. No. 89-5.]

These topics seek information that goes to the very heart of the attorney-client and work-product privileges – i.e., mental impressions on what Comair and its counsel did.

## IV.  CONCLUSION

In sum, Comair respectfully requests the Motion be denied because:

1. Comair complied with the Court's Order by producing 30(b)(6) witnesses on all 14 topics that were the subject of the Order;

2. Although not obligated to do so by the Order, Comair also produced a 30(b)(6) witness on Topic No. 15; and

3. There is no evidence of any spoliation which would warrant Topic Nos. 16 and 17, which are discovery on discovery, and those topics, as drafted, seek to depose Comair's counsel on discovery.

Based on the foregoing, Comair respectfully requests this Court deny Boeing's Motion in its entirety, including its request for costs and fees.

I certify that this memorandum contains 4,154 words, in compliance with the Local Civil Rules.

Dated: September 13, 2024                             Respectfully submitted,

                                                **SHOOK, HARDY & BACON L.L.P.**

                                          By: */s/ Kristy A. Schlesinger*
Marc P. Miles (admitted *pro hac vice*)
Kristy A. Schlesinger (admitted *pro hac vice*)
5 Park Plaza Suite 1600
Irvine, California 92614
Telephone: (949) 475-1500
Facsimile: (949) 475-0016
mmiles@shb.com
kschlesinger@shb.com

Hunter K. Ahern
WA Bar No. 54489
701 Fifth Avenue, Suite 6800
Seattle, WA 98104-7066
Telephone: (206) 344-7600
Facsimile: (206) 344-3113
hahern@shb.com

*Attorneys for Plaintiff Comair Limited*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on September 13, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: September 13, 2024                             */s/ Kristy A. Schlesinger*
                                                                       Kristy A. Schlesinger