UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMAIR LIMITED, | CASE NO. C23-176 RSM |
| Plaintiff, | ORDER GRANTING MOTION TO COMPEL |
| v. | |
| THE BOEING COMPANY, ET AL., | |
| Defendants. | |

This matter is before the Court on Defendant Boeing's "Motion to Compel Compliance with Rule 30(b)(6) Topics Regarding Comair's Spoliation of Evidence." Dkt. #87. Plaintiff Comair Limited opposes. Dkt. #93. Neither party requests oral argument.

Boeing moves for "an order compelling Comair to produce a properly prepared Rule 30(b)(6) witness to testify regarding Comair's document preservation and collection and the loss of discoverable evidence." Dkt. #87 at 5. Boeing also seeks fees and costs in filing this Motion.

Comair is a South African commercial airline company. Dkt. #1. On January 29, 2010, Boeing and Comair entered into an Aircraft General Terms Agreement ("AGTA"). *Id.* at 4. In September 2013, Comair and Boeing signed a Purchase Agreement for eight 737 MAX aircraft. *Id.* at 31. Boeing's agreement to sell 737 MAX aircraft to Comair was publicly announced on March 19, 2014. *Id.* at 33. On February 26, 2019—four months after the Lion Air Flight 610 crash— "Comair proudly accepted delivery of its first 737 MAX 8 from Boeing." *Id.* at ¶ 176. Under the terms of the Purchase Agreement, the second airplane was to be delivered in 2019, the third in 2020, the fourth in 2021, the fifth and sixth in 2022, the seventh in 2023, and the eighth

ORDER GRANTING MOTION TO COMPEL – 1

in 2024. *See id*. Following the crash of Ethiopian Airlines Flight 302, "Boeing suspended all 737 MAX deliveries, including the seven remaining aircraft" that Comair had purchased. *Id*. at ¶ 191. In February 2020, Comair unilaterally purported to terminate the 2013 Purchase Agreement. *Id*. at ¶ 233. The parties disagree about the scope and lawfulness of Comair's termination, but Boeing agreed to cancel the second and third 737 MAX deliveries. *See id*. at ¶ 235. In February 2021, Comair rejected Boeing's attempts to deliver the fourth 737 MAX. *Id*.

In May 2020, Comair "file[d] a business rescue proceeding in South Africa." *Id*. at ¶ 234. On February 3, 2021, Comair filed a Verified Chapter 15 Petition for Recognition of a Foreign Main Proceeding in the U.S. Bankruptcy Court for the Southern District of New York. *Id*. at ¶ 236; *see also In re Comair Limited (In Business Rescue)*, Case No. 21-10298-JLG (Bankr. S.D.N.Y.). Comair ceased to operate in June 2022 and is now "in provisional liquidation and is being administered by the joint provisional liquidators." *Id*. at ¶ 234.

This case was brought on February 6, 2023. Dkt. #1. Discovery has not gone well. Comair agreed to search for ESI from January 1, 2013, to June 14, 2022. Dkt. #69-10 at 4. Boeing filed a Motion to Compel alleging that "Comair has not produced a single electronically-stored document dated prior to May 2018." Dkt. #68 at 5. Boeing found the overall size of Comair's ESI production suspicious—"only" 6,600 pages. *Id*. Comair produced fewer than 400 emails. *Id*. Boeing said, "more than half of Comair's meager production consists of public media articles, publicly-available reports, and contracts to which Boeing is a party." *Id*.

The Court granted Boeing's first Motion to Compel, finding that "ESI from January 1, 2013, to June 14, 2022, is obviously relevant to Comair's claims because this is when the Purchase Agreement at issue was negotiated and executed." Dkt. #80 at 4. The Court compelled production of these materials and addressed certain other issues with depositions. The Order

ORDER GRANTING MOTION TO COMPEL – 2

1  cautioned Comair that its "failure to produce such records may serve as a valid basis for a
2  discovery sanctions motion at a later date." *Id*. at 4–5.
3      Boeing now states that Comair has produced very few additional records, has no
4  explanation for why there are so few records, and that Comair's 30(b)(6) witness admitted he had
5  no idea what happened to any of Comair's data at any time since July 2019. Dkt. #87 at 4.
6  Boeing goes into further details about how this witness stonewalled when asked questions about
7  Comair's record management processes, Topic 15. *See* Dkt. #89-5 ("Comair's records
8  management policies and practices, including persons responsible for, locations of, and dates of
9  availability and destruction of paper documents and electronically stored information."). Comair
10 also objected to two 30(b)(6) deposition topics:

> No. 16: Preservation, collection, and production of relevant materials (both ESI and other materials, such as hard copy) from all custodians and non-custodial sources identified in this case.
>
> No. 17: Comair's process of identifying potentially relevant information to [disclose] as custodial and non-custodial sources in its ESI Disclosure.

15 *Id*. Boeing says it has "tried every avenue to locate this information—repeatedly asking Comair
16 to explain, seeking 30(b)(6) testimony, and subpoenaing the law firm that handled Comair's
17 liquidation for responsive materials—to no avail." *Id*. at 5. Boeing moves for an order
18 compelling Comair to "make witnesses available in Seattle to testify on Topics 15-17 of Boeing's
19 Rule 30(b)(6) Notice within 14 days." *Id*. at 15.
20     Comair calls these topics "discovery on discovery," accusing Boeing of wanting to
21 "depose Comair's lawyers on how discovery was put together." Dkt. #93 at 5. Comair asserts
22 that "Boeing has *zero* evidence of any purported spoliation by Comair – other than the *ipse dixit*
23 and speculation of its counsel that more ESI should exist." *Id*. at 14. (emphasis in original).
24

ORDER GRANTING MOTION TO COMPEL – 3

1  Comair says Topics 15–17 were added in a revised deposition notice two weeks after the first
2  Motion to Compel was granted. *Id*. at 6.
3        On Reply, Boeing asserts:

> Comair, which claims fraud in the inducement of the Purchase Agreement, has nothing to say about critical negotiating documents missing from its production—like the proposal that Comair made to Boeing, Comair's response, and other materials exchanged over time. Mot. at 5; Second Slade Decl. Exs. 20-25. Comair does not dispute that portions of the hard-copy files of its former CEO, Erik Venter, on the Boeing account are missing. Mot. at 11. And it does not dispute that financial documents supposedly supporting its damages calculation—which apparently existed when Comair first claimed damages—were not produced and are "no longer readily accessible." *Id*. at 5, 8. These unexplained deficiencies constitute more than an "adequate factual basis" to justify discovery on discovery.

Dkt. #95 at 4.

      "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

      When "there is some indication that a party's discovery has been insufficient or deficient," courts may permit "discovery into a party's discovery process." *Anstead v. Va. Mason Med. Ctr.*, No. C21-0447JCC-JRC, 2022 WL 1641425, at *5 (W.D. Wash. May 24, 2022). Such "discovery on discovery" is disfavored, and requests for this information are "closely scrutinized." *Id*. "Mere

ORDER GRANTING MOTION TO COMPEL – 4

speculation about missing evidence is insufficient to allow discovery on discovery," and the party requesting such discovery "bears the burden of producing specific and tangible evidence of a material failure of an opponent's obligation[s]." *Zunum Aero., Inc. v. Boeing Co.*, 2023 U.S. Dist. LEXIS 239349, *7 (W.D. Wash. Nov. 13, 2023) (citing *LKQ Corp. v. Kia Motors Am., Inc.*, No. 21 C 3166, 2023 WL 4365899, at *7 (N.D. Ill. July 6, 2023) and *Jensen v. BMW of N. Am.*, LLC, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (requiring "particularized reason[s]" for why discovery on discovery should be ordered)).  If the party seeking discovery on discovery meets its burden, the "court should select the narrowest discovery tool possible to avoid side-tracking the discovery process and to adhere to the principles outlined in Rule 1 of the Federal Rules of Civil Procedure." *LKQ*, 2023 WL 4365899, at *7; *see also* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Boeing does not have to prove spoliation, or even offer evidence of such, to compel discovery on these topics.  Instead, Boeing has pointed to specific and tangible evidence of Comair's failure to retain materials that are obviously relevant.  These materials may have been lost, improperly stored, or deliberately destroyed.  Boeing's accusations rise above mere speculation.  There was nothing improper with Boeing amending its topics to include these questions, and it should be possible for a 30(b)(6) witness to answer questions on policies and procedures without touching privileged information.  On the other hand, it was somewhat reasonable for Comair to resist this discovery without Court intervention given the above law.

Boeing's proposal of a second round of 30(b)(6) depositions in Seattle is *close* to the narrowest discovery tool possible.  The Court can make this narrower by allowing a single deposition to occur over Zoom.  The location of depositions has been a point of contention between the parties. *See* Dkt. #80.  Comair is especially cross that "[d]espite imposing days of

ORDER GRANTING MOTION TO COMPEL – 5

travel on [one of Comair's 30(b)(6) witnesses] to cross the globe to sit for a deposition in Boeing's counsel's office, Boeing examined him for 47 minutes." Dkt. #93 at 7. The Court finds that these follow-up questions can be adequately addressed over Zoom and that this is proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Court finds that Boeing's request for fees and costs is not warranted at this time. Although Comair's objections to new deposition topics after the Court's Order on the Boeing's First Motion to Compel are not particularly convincing, the Court finds that its refusal to produce "discovery on discovery" prior to this Court Order is substantially justified given the requirement for Boeing to demonstrate particularized reasons for this discovery.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Boeing's Second Motion to Compel, Dkt. #87, is GRANTED IN PART. Comair is compelled to make one adequately prepared 30(b)(6) witness available to testify over ZOOM on Topic Nos. 15-17 of Boeing's Rule 30(b)(6) Notice. This deposition is to occur at a mutually agreeable date and time no later than December 4, 2024. The Court advises the parties to work together prior to the deposition to ensure that this witness is prepared and that further Court involvement is not necessary.

Dated this 6th day of November, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE