1
2
3
4
5

6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMAIR LIMITED,<br><br>            Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, ET AL.,<br><br>            Defendants. | CASE NO. C23-176 RSM<br><br>ORDER GRANTING MOTION TO COMPEL |

This matter is before the Court on Defendant Boeing's "Second Motion to Compel Compliance with Requests for Depositions." Dkt. #106. Plaintiff Comair Limited opposes. Dkt. #111. The Court has determined that it can rule without oral argument.

Boeing moves for the Court to "issue an order compelling compliance with its June Order and directing Comair to facilitate the in-person depositions of its remaining witnesses in South Africa, to occur on the dates set forth in Boeing's Notices of Deposition or otherwise at a time in close proximity to the two currently scheduled depositions." Dkt. #106 at 4.

On June 21, 2024, the Court set out the basic facts of this case and addressed the proper location for depositions of six former Comair employees and/or officers named as witnesses by Comair. *See* Dkt. #80. The Court incorporates by reference the facts presented in that Order.

ORDER GRANTING MOTION TO COMPEL – 1

1    The Order found that these witnesses were third parties and that Comair was not required

2  to produce them for in-person depositions in this District.  However, the Court was satisfied that

3  the parties would be "able to resolve this issue through Zoom depositions or in-person depositions

4  in South Africa facilitated, in good faith, by Comair's counsel." *Id*. at 6.  This was based on

5  Boeing's argument that "Comair listed these witnesses on its initial disclosures, required that

6  Boeing contact them only through Comair's counsel, relies on these witnesses for its allegations,

7  and intends to bring them to Seattle for trial." *Id*. at 5 (citing Dkt. #77 at 7).

8    Boeing now states that it:

> …has spent the last five months repeatedly asking Comair to provide dates for the depositions of three of these witnesses—plus three additional ones who are similarly situated—in South Africa. Boeing has also repeatedly offered windows of availability for when its lawyers were willing to travel to South Africa to take these depositions. After months of effort, Comair has only just today agreed to specific dates on which it would produce two of its witnesses in South Africa. For the remaining four witnesses, Comair has categorically refused to even attempt to facilitate the depositions, taking the position—contrary to this Court's clear ruling and Comair's own prior representations and commitments—that Comair has no legal obligation to do so.

Dkt. #106 at 4.  Boeing points out that the 30(b)(6) depositions of three of these witnesses should not count as 30(b)(1) fact witnesses depositions, specifically the depositions of CEO Erik Venter, Corporate Secretary Derek Borer; and CFO Kirsten King.  *See id*. at 7.  To support this position, Boeing notes that Comair's counsel objected to multiple questions during the depositions as beyond the scope of the 30(b)(6) topics.  *Id*.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

ORDER GRANTING MOTION TO COMPEL – 2

1  whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.
2  Civ. P. 26(b)(1).  If requested discovery is not answered, the requesting party may move for an
3  order compelling such discovery.  Fed. R. Civ. P. 37(a)(1).  The party that resists discovery has
4  the burden to show why the discovery request should be denied.  *Blankenship v. Hearst Corp.*,
5  519 F.2d 418, 429 (9th Cir. 1975).

6  The Court is convinced that the 30(b)(6) witnesses in this case can be deposed again as
7  fact witnesses for the first time.  *See Stoba v. Saveology.com, LLC*, No. 13CV2925 BAS (NLS),
8  2015 WL 13828736, at *2 (S.D. Cal. July 6, 2015) ("[N]o leave of court is needed if a 30(b)(6)
9  witness is then deposed in his or her individual capacity.").

10  The Court has otherwise reviewed the briefing from the parties and finds that Comair is
11  uniquely positioned to facilitate these depositions and has resisted without a good faith
12  explanation.  Boeing overstates the Court's prior Order; Comair was not *ordered* to produce these
13  fact witnesses for deposition.  However, Comair's litigation position has been that Boeing is to
14  work with Comair to contact these and similar witnesses, and Comair's subsequent actions have
15  stood in the way of progress in this case.  Considering all of the above, the Court will now order
16  Comair to facilitate 30(b)(1) depositions of these four relevant witnesses.  Comair must do so in
17  good faith.  Failure to act in good faith here will result in sanctions.  If these witnesses truly
18  cannot sit for deposition without subpoenas and letters rogatory the Court can deal with that
19  problem, but, again, the parties are urged to cooperate as much as possible to avoid a pointless
20  and costly discovery dispute.

21  Having reviewed the relevant briefing and the remainder of the record, the Court hereby
22  finds and ORDERS that Defendant Boeing's Motion to Compel, Dkt. #106, is GRANTED.
23  Comair is directed to facilitate in good faith the in-person depositions in South Africa of Erik
24  Venter, Kirsten King, Johann Bruwer, and Glenn Orsmond, to occur on the dates set forth in

ORDER GRANTING MOTION TO COMPEL – 3

Boeing's Notices of Deposition or otherwise in close proximity to the currently scheduled depositions of Wrenelle Stander and Martin Louw.

Dated this 6th day of January, 2025.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE