1

2

3

4

5

6            UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
7                   AT SEATTLE

8    COMAIR LIMITED,                          CASE NO. C23-176 RSM

9                    Plaintiff,               ORDER DENYING MOTION FOR
                                              SANCTIONS
10          v.

11   THE BOEING COMPANY, ET AL.,

12                   Defendants.

13

        This matter is before the Court on Defendant Boeing's Motion for Sanctions, Dkt. #111.
14
Boeing seeks dismissal under Rule 37(e)(2), accusing Plaintiff Comair Limited of failing to
15
preserve a wide swath of relevant documents.  Comair opposes.  Dkt. #113.  The Court has
16
determined that it can rule without oral argument.
17
        Federal Rule of Civil Procedure Rule 37(e) states:
18
            (e) Failure to Preserve Electronically Stored Information. If
19          electronically stored information that should have been preserved in
            the anticipation or conduct of litigation is lost because a party failed
20          to take reasonable steps to preserve it, and it cannot be restored or
            replaced through additional discovery, the court:
21
            (1) upon finding prejudice to another party from loss of the
22          information, may order measures no greater than necessary to cure
            the prejudice; or
23
            (2) only upon finding that the party acted with the intent to deprive
24          another party of the information's use in the litigation may:

ORDER DENYING MOTION FOR SANCTIONS – 1

1

2

3

        (A) presume that the lost information was unfavorable to the party;
        (B) instruct the jury that it may or must presume the information was
unfavorable to the party; or
        (C) dismiss the action or enter a default judgment.

4

5

6

7

8

9

Boeing sweeps right past (e)(1), seeking relief only under (e)(2).  However, there is an important distinction between these two sections.  Rule 37(e)(2) includes severe sanctions reserved for cases where the Court finds that a party acted with the *intent* to deprive another party of information.  This section is not for cases of reckless or negligent failure to preserve ESI.  Under those circumstances, Rule 37(e)(1) contemplates "measures no greater than necessary to cure the prejudice."

10

11

12

Boeing does not have smoking gun evidence of intent.  There is no secret recording or email where Comair or its counsel says "delete the emails" or "burn the records." Of course, such is not required.  The Court is capable of inferring intent from circumstantial action or inaction.

13

14

15

16

17

Boeing's circumstantial evidence is a mile wide and an inch deep.  Its first facts subheading is "Comair Failed to Take Basic Steps to Preserve Relevant Evidence."  Dkt. #111 at 6.  Here, the Court is informed that Comair sent a letter to Boeing alleging liability for losses in June of 2019, went into "business rescue" proceedings in 2020, and ceased operations in 2022.  *Id.*  Comair's evidence preservation, or lack thereof, is not discussed.

18

19

20

21

22

23

24

The second subsection is titled "Boeing's Futile Efforts to Obtain Relevant Evidence from Comair."  *Id.*  The Court has previously been informed of and issued rulings on Comair's suspiciously small production of ESI.  *See* Dkt. #80 at 4–5 ("Comair essentially has no explanation for why it does not have possession of pre-May 2018 ESI. The Court finds it unacceptable that Comair would not have a clear idea of where these documents are at this stage in the litigation.").  Boeing updates the Court on what has happened since that Order.  In a

ORDER DENYING MOTION FOR SANCTIONS – 2

1    nutshell, Comair continues to have no solid explanation for its suspiciously thin collection of

2    relevant documents.  It continues to maintain that it deleted nothing.  *See* Dkt. #111 at 7–8.

3        The last heading is "Comair has Failed to Produce Large Swaths of Key Evidence."  *Id.*

4    at 8.  Boeing points to Comair's failure to issue litigation holds, citing 30(b)(6) testimony.  *Id.*

5    at 8.  Such is a "conscious disregard" of the duty to preserve, according to Boeing.  *Id*. at 14

6    (citing *Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976*, at 998 (N.D. Cal. 2012)).  Boeing

7    understandably struggles to articulate what documents are missing or why they are missing.

8    Documents relied on by Comair's damages expert—invoices, contracts, and bank statements—

9    have apparently not been produced.  Boeing asserts that hard copy files from a witness are

10   missing, but does not know what is in those files or if they are duplicative of ESI.  Boeing argues

11   that Comair "failed to produce foundational contracting materials like Boeing's proposal to

12   Comair and discussions leading to the parties' purchase agreement, or Comair's response to the

13   proposal, or Comair's deliberations related to the negotiations."  *Id.* at 9.  Finally, Boeing states

14   that Comair failed to produce a 2016 document where it disclosed the existence of MCAS to

15   Comair, presumably a document that Boeing has in this litigation already.  *Id*. at 9. Boeing says

16   that Comair has produced only 30 documents total from 2016.  *Id*.

17       In its legal analysis, Boeing states that "[a] finding of intent is warranted here, where

18   Comair has utterly 'fail[ed] to take measures to preserve relevant evidence.'"  *Id*. at 14 (citing

19   *Hunters Cap., LLC v. City of Seattle*, 2023 WL 184208, at *6 (W.D. Wash. Jan. 13, 2023)).

20   Boeing points to the failure to issue a litigation hold.  Boeing says Comair's loss of evidence is

21   "selective" because it has produced a "letter of comfort" that Boeing finds suspicious but

22   "virtually no others" from 2013.  *Id*.  Finally, Boeing urges the Court to find Comair's delay in

23   coming clean about the spoliation to be circumstantial evidence of intent.  *Id*. at 15.

24

ORDER DENYING MOTION FOR SANCTIONS – 3

1    Comair, for its part, spends its briefing arguing that "nothing has been lost" and that

2    "Boeing has not, and cannot, prove *any*" of the elements of spoliation.  Dkt. #113 at 11–12.

3    The Court has looked at the evidence from Boeing and finds that Comair's actions,

4    although they remain mysterious, more likely than not fall into the category of reckless or

5    negligent behavior.  Comair failed to act with the required level of care in preserving its materials

6    as it went bankrupt and was liquidated.  This much is obvious given the clear absence of

7    documents that must have existed but have not been produced and the 30(b)(6) testimony cited

8    by Boeing.  Comair's missing documents are wide in scope rather than selective, as Boeing

9    argues.  The timing of the missing documents is inconclusive as to intent.  Comair's hesitancy to

10   admit to spoliation does not by itself demonstrate intent, as Comair could just as easily be wary

11   of Rule 30(e)(1) sanctions.

12   Furthermore, in attempting to determine intent here, the Court finds that the missing

13   records do not always harm Comair's litigation position.  To the contrary, they would seem to

14   undermine Comair's ability to present its contractual and damage arguments.

15   Boeing takes an all-or-nothing approach, advocating only for the most extreme

16   sanction—complete dismissal of the action.  Without better evidence of intent, the Court refuses

17   to grant that relief.  However, sanctions are clearly warranted under Rule 37(e)(1).

18   However, without further direction from the parties, it is unclear how to appropriately

19   sanction Comair.  Nobody discusses a middle option.  The Court will thus direct Boeing to re-

20   file its Motion with that in mind, setting out specific categories of documents that are missing,

21   how each relates to claims and/or defenses, and what relief could be granted in relation to

22   summary judgment or trial.

23   Having reviewed the relevant briefing and the remainder of the record, the Court hereby

24   finds and ORDERS that Defendant Boeing's Motion for Sanctions, Dkt. #106, is DENIED.  The

ORDER DENYING MOTION FOR SANCTIONS – 4

1   Court DIRECTS Boeing to meet and confer with Comair one final time about the status of these

2   materials before re-filing this Motion, setting forth a request for relief under Rule 37(e)(1).

3       DATED this 14th day of January, 2025.

4

5

                            RICARDO S. MARTINEZ

6                             UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR SANCTIONS – 5