THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMAIR LIMITED,<br><br>       Plaintiff,<br><br>  v.<br><br>THE BOEING COMPANY,<br><br>       Defendant. | No. 2:23-CV-00176-RSM<br><br>**BOEING'S MOTION FOR PROTECTIVE ORDER REGARDING 30(b)(6) DEPOSITION**<br><br>**NOTE ON MOTION CALENDAR: JUNE 20, 2025** |

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(b)(6) DEPOSITIONS
(No. 2:23-CV-00176-RSM)

95017393.12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................2

    A.    Before April 2025, Comair never raised the issue of interest Boeing may have earned on Comair's PDPs. ..............................................2

    B.    Comair has already served requests for—and received—extensive discovery, including on its alleged damages. .............................................3

    C.    In April 2025, Comair issued the Third Notice, which seeks discovery on a new theory of damages on the eve of the fact discovery deadline. ...................................................................................4

LEGAL STANDARD .............................................................................................................5

ARGUMENT ..........................................................................................................................6

    I.    Comair's Third Notice is procedurally improper because Comair failed to seek leave of court before issuing it. ...................................................6

    II.    The information sought by Comair's Third Notice is irrelevant. ............................6

        A.    The information sought by Topics 1–3 is not relevant because Comair has not asserted any claim for damages that might encompass interest on pre-delivery payments. ...........................................7

        B.    The information sought by Topics 4–9 is not relevant because it has no potential bearing on Comair's claims. ...........................................7

    III.    Comair's Third Notice is disproportionate to the needs of the case. ......................8

    IV.    Comair's Third Notice is harassing, unreasonably burdensome, and cumulative. ............................................................................................................10

CONCLUSION .....................................................................................................................11

ATTORNEY CERTIFICATION ..........................................................................................12

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(b)(6) DEPOSITIONS – i
(No. 2:23-CV-00176-RSM)

95017393.12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## INTRODUCTION

Boeing seeks a protective order under Federal Rule of Civil Procedure 26(c) against Comair's ***third*** Notice of Rule 30(b)(6) Deposition because it is both procedurally and substantively improper. *See* Declaration of Michael Paisner ("Paisner Decl.") ¶ 2, Ex. 1 ("Third Notice"). Comair has already deposed *six* Boeing Rule 30(b)(6) witnesses on two deposition notices with a combined *84* topics. The dispute leading to the instant notice began in April 2025, when—over two years after initiating this litigation—Comair served Boeing with a single request for production of documents seeking discovery on an entirely new theory of damages that Comair did not plead in its Complaint, identify in its discovery responses, or discuss in its damages expert's report. Specifically, this request sought documents relating to purported "interest earned on all deposits"—that is, pre-delivery payments ("PDPs")—that Boeing had "received from Comair on each of the 737 MAX 2 through 8 aircraft" under the payment schedule in the parties' Purchase Agreement. Paisner Decl. ¶ 3, Ex. 2 at 4. Boeing responded that it does not calculate or track such interest in the usual course of business, and in a good-faith effort to avoid further discovery disputes, produced a spreadsheet identifying all the PDPs it received from Comair and confirming how those payments are now allocated for the remaining MAX 4–8. *Id.*

This was not enough for Comair. On a subsequent meet-and-confer call, Comair demanded that Boeing trace and calculate any interest it may have earned on the PDPs. Boeing let Comair know that the information was not reasonably discernible and explained its accounting process—and that, in any event, the information was both irrelevant and duplicative (because Comair was seeking the statutory 12% pre-judgment interest). *Id.* ¶ 4 & Ex. 3 at 1. Apparently unsatisfied, Comair then served Boeing with the Third Notice containing not just one but *nine* topics for examination. While three of these topics relate to Comair's new theory of PDP interest damages, Comair included six *additional* topics that the parties had never discussed. To make matters worse, Comair never asked this Court for approval to serve the Third Notice, which was required under the Federal Rules of Civil Procedure, since Comair has already exceeded deposition limits.

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(b)(6) DEPOSITIONS – 1
(No. 2:23-CV-00176-RSM)

95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Boeing respectfully requests that the Court grant a protective order because the discovery sought by Comair's Third Notice is procedurally improper, substantively irrelevant, disproportionate to the needs of the case, and harassing. Comair's Third Notice goes far beyond the bounds of permissible discovery under the Federal Rules and should not be permitted.

## BACKGROUND

**A.    Before April 2025, Comair never raised the issue of interest Boeing may have earned on Comair's PDPs.**

As this Court is aware, this case arises out of a dispute between Comair and Boeing regarding the sale of eight 737 MAX aircraft in 2013. Comair brought suit in 2023 seeking damages from Boeing's alleged fraud and breach of contract in connection with the airplane sale. *See generally* Dkt. 10 (Compl.). As pertinent here, Comair's Complaint seeks the "return of all deposits and monies paid to Boeing," "[r]escission of the parties' agreements," and "an award of pre-judgment interest on the damages at the legal rate." *Id.* at 74–75 (Prayer for Relief). Nowhere does the Complaint seek to recover the interest that Boeing may have earned on Comair's PDPs.

Boeing's First Set of Interrogatories requested that Comair identify "each element of damages that Comair seeks to recover in this action." Paisner Decl. ¶ 5, Ex. 4 at 10. Comair's Response to Interrogatory No. 7 identified the following category:

> 6. Interest on PDPs
>    a. Interest paid to Investec on PDP Finance Facility - $1,850,182 USD
>    b. Interest on PDPs paid out of Comair cash (calculated as of August 22, 2023, but which continues to accrue) - $25,849,895

*Id.* at 12. The calculation in subcategory 6(b) appears to be based on Comair's (mistaken) calculation of "pre-judgment interest in the maximum legal rate (12%)." *Id.* Once again, Comair did not identify as a category of damages the interest Boeing earned on Comair's PDPs. *Id.*

Comair's damages expert, Henry Kahrs, expanded upon the "Interest on PDPs" category of damages in his reports. None of the three reports Kahrs has issued in this case—the latest of

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 2
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

which was served just days ago, on June 4—identified the interest Boeing may have earned on Comair's PDPs as a category of damages. *See, e.g.,* Declaration of Bradley D. Till ("Till Decl.") ¶ 2, Ex. 1 at 9–10. Kahrs referenced only "interest payments to Citibank and Investec for the financing of the purchase of the 737 MAX planes," *id.* at 9, and "$28,329,736 in potential [statutory] pre-judgement interest (through the date of trial) on the advance payments made from Comair's cash for MAX2 though MAX8." *Id.* at 10. During his March 2025 deposition, Kahrs similarly did not identify the interest Boeing may have earned on Comair's PDPs as a category of damages. Paisner Decl. ¶ 6.

### B. Comair has already served requests for—and received—extensive discovery, including on its alleged damages.

To date, Comair has propounded 107 requests for production,[1] 157 requests for admission, and 10 interrogatories to Boeing. *Id.* ¶ 7. Comair initiated discovery on its alleged damages with its first set of discovery requests in July 2023, which included several requests for production, requests for admission, and interrogatories seeking information on Comair's PDPs. *Id.* For example, Comair served two requests for production seeking documents and communications regarding the receipt and return of all monetary payments Boeing received in connection with Comair's purchase of the eight 737 MAX aircraft. *Id.* ¶ 7, Ex. 5 at 6–7. Boeing produced documents in response to both requests. *See id.*

Comair previously served Boeing with two Rule 30(b)(6) deposition notices: 68 topics in September 2024, and 16 more topics in January 2025. *Id.* ¶ 8, Exs. 6–7. In response to these two notices, Boeing produced six Rule 30(b)(6) witnesses for seven depositions; collectively, these witnesses provided over 27 hours of deposition testimony on the record. *Id.* ¶ 8.

---

[1] Though Comair's latest Request for Production is No. 110, Comair skipped three numbers preceding that Request.

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 3
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**C.     In April 2025, Comair issued the Third Notice, which seeks discovery on a new theory of damages on the eve of the fact discovery deadline.**

In April 2025—just before the close of discovery and *after* Boeing deposed Comair's damages expert, Kahrs—Comair served Request for Production ("RFP") No. 110:

> **REQUEST FOR PRODUCTION NO. 110:**
>
> **All DOCUMENTS sufficient to show all interest earned on all deposits BOEING received from Comair on each of the 737 MAX 2 through 8 aircraft (including Comair's deposits financed through Investec).**

*Id.* ¶ 3, Ex. 2 at 4. Boeing objected that RFP 110 sought evidence irrelevant to Comair's claim but nonetheless produced a document showing, "as of April 2, 2021, the pre-delivery payments that Boeing received from Comair for 737 MAX 2 through 8 (Serial #s 60439, 60433, 60434, 60435, 60436, 60438, 60437) and how those payments have been allocated for 737 MAX 4 through 8 (MAX 2 and 3 having been canceled)." *Id.* Boeing further responded that, "in the usual course of business, Fed. R. Civ. P. 34 (b)(2)(E)(i), it does not calculate or track interest potentially associated with pre-delivery payments." *Id.*

The parties met and conferred about Boeing's Response to RFP 110 in May 2025. *Id.* ¶ 4 & Ex. 3. Boeing's counsel explained that RFP 110 seeks irrelevant information because (i) Comair does not seek to recover the interest that Boeing may have earned on Comair's PDPs, and (ii) because Comair is seeking the statutory interest, any additional interest would be duplicative. *Id.* ¶ 4. Boeing reiterated that it has no responsive documents because it does not calculate or track interest potentially associated with PDPs. *Id.* In response, Comair demanded that Boeing either voluntarily trace and calculate the alleged interest, or Comair would propound a corporate deposition notice seeking the information. *Id.*

On May 21, 2025, Comair served Boeing with the subject Notice of Rule 30(b)(6) Deposition. *Id.* ¶ 2, Ex. 1. Topic 1 seeks testimony on "[a]ll interest Boeing earned on all deposits Boeing received from Comair on each of the 737 MAX aircraft numbers 2-8" and Topics 2 and 3

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 4
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

seek related information. *Id.* ¶ 2 & Ex. 1 at 2. Perplexingly, Comair included six other topics that were not discussed during the parties' meet-and-confer call a week earlier, or during any other meet and confer before that. *Id.* ¶ 2 & Ex. 1 at 2–3. Topics 4–9 seek information relating to the compensation of Boeing employees, Boeing's sales goals and projections related to the 737 MAX, and the refundability of PDPs to MAX customers **other than Comair**. *Id.* If the deposition were to proceed as noticed, Comair would have deposed at least seven different Boeing 30(b)(6) witnesses on three separate 30(b)(6) notices of deposition on a total of 93 topics for examination.

Boeing sent Comair responses and objections to the Third Notice on June 4, 2025, and told Comair via email that Boeing would not present a witness for the deposition. *Id.* ¶¶ 9–10, Exs. 8–9. Boeing's counsel then met and conferred with Comair's counsel about the Third Notice via video conference on June 6, 2025. *Id.* ¶ 10. Boeing told Comair it would not stipulate to the additional 30(b)(6) deposition and that it would be filing this motion because the Third Notice is procedurally and substantively improper. *Id.* After the call, Boeing sent Comair case law confirming that the Third Notice is procedurally improper, *see infra* Section I, but Comair refused to withdraw the Third Notice. Paisner Decl. ¶ 10, Ex. 9.

## LEGAL STANDARD

Courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). District courts may enter protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 5
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# ARGUMENT

## I. Comair's Third Notice is procedurally improper because Comair failed to seek leave of court before issuing it.

As a threshold matter, the Federal Rules of Civil Procedure limit each party to one deposition per person—which includes corporations—absent a stipulation by the parties or leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii); *Olson v. Sprint Spectrum L.P.*, No. C06-0592, 2007 WL 9775531, at *2 (W.D. Wash. Oct. 2, 2007). Boeing did not stipulate to the Third Notice, Paisner Decl. ¶ 10, so Comair was required to seek leave of court before seeking to depose Boeing on topics pursuant to Rule 30(b)(6) for a second—or, in this case, third—time. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii); *Olson*, 2007 WL 9775531, at *2. Comair did not do so. This Court can and should grant a protective order on that ground alone. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (affirming grant of protective order and holding that "[b]ecause this second Rule 30(b)(6) subpoena was issued to [defendant] without leave of the court, it was invalid"); *Olson*, 2007 WL 9775531, at *2 (granting motion to quash where plaintiffs failed to seek leave of court prior to issuing third 30(b)(6) deposition notice); *In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, at *5–6 (N.D. Ill. 2005) (denying motion to compel second 30(b)(6) deposition because deposition notice was issued without leave of court).

## II. The information sought by Comair's Third Notice is irrelevant.

Beyond the Third Notice's threshold procedural failings, a protective order is warranted because none of the topics in the Third Notice are relevant to this case. Information is "relevant" if it "has a tendency to make a fact of consequence in resolving the action more or less probable than it would be without the evidence." *Garner v. Amazon.com, Inc.*, No. 2:21-cv-0070, 2023 WL 4076020, at *1 (W.D. Wash. June 20, 2023). "[C]ourts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *United States v. Nolen*, No. 2:23-cv-00320, 2024 WL 4307772, at *2 (E.D. Cal. Sept. 26, 2024) (quoting *Reno v. W. Cab Co.*, No. 2:18-CV-00840, 2020 WL 5902318, at *2 (D. Nev. Aug.

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 6
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

31, 2020)). The Third Notice seeks irrelevant information because there is no "objective basis" for any of its nine topics. *Naini v. King Cnty. Pub. Hosp. Dist. No. 2*, No. C19-0886, 2019 WL 6877926, at *2 (W.D. Wash. Dec. 17, 2019).

### A. The information sought by Topics 1–3 is not relevant because Comair has not asserted any claim for damages that might encompass interest on pre-delivery payments.

The information Comair seeks via Topics 1–3 is irrelevant because it does not concern any form of damages that Comair has claimed. Topics 1 and 2 seek information about the interest that Boeing may have earned on PDPs from Comair and the accounts into which Boeing deposited those PDPs. Paisner Decl. ¶ 2, Ex. 1. Topic 3 seeks information about Boeing's "internal rate of return" on investments—without further specification—from September 2013 through present, which it also terms the "hurdle rate." *Id.* But nowhere does Comair's Complaint or prayer for relief reference any interest that Boeing may have earned on Comair's PDPs, and the deadline has long since passed for Comair to amend its complaint. *See generally* Dkt. 10 (Compl.); Dkt. 50 (deadline to amend complaint was November 30, 2023). Nor did Comair reference any such interest in its response to Interrogatory 7, detailing the universe of damages it seeks. Paisner Decl. ¶ 5, Ex. 4 at 11–12. And while Comair's response to Interrogatory 7 listed the catch-all category of "an amount to be determined by expert witness(es)," *id.* at 12, Comair's damages expert never discussed any alleged damages related to interest that Boeing may have earned on Comair's PDPs in any of his three expert reports or in his deposition. *Id.* ¶ 6; Till Decl. ¶ 2, Ex. 1 at 8–10. Because Comair has not sought any form of damages related to such interest, Topics 1–3 objectively do not bear on any "fact of consequence" in this matter. *Garner*, 2023 WL 4076020, at *1. Topic 3 is not even limited to the interest on Comair's PDPs. Topics 1–3 are thus wholly irrelevant.

### B. The information sought by Topics 4–9 is not relevant because it has no potential bearing on Comair's claims.

Topics 4–9 are similarly irrelevant to Comair's claims and/or damages in this case. Topic 4 seeks information about the compensation "for all Boeing sales and marketing employees who

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 7
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

were involved in the sales of the 737 MAX aircraft to Comair," which is irrelevant because Comair's claims—as it has pleaded them and litigated them for years now—do not reasonably turn on how Boeing compensates its employees. Paisner Decl. ¶ 2, Ex. 1. Topics 5–9 seek information about sales goals, representations about deposit refundability, and potential refunds of deposits to customers *other than Comair*. *Id.* This information is likewise irrelevant to Comair's claims, which are limited to the specific aircraft Comair agreed to purchase. This Court has previously ruled that Comair's attempt to compel Boeing's 30(b)(6) deposition testimony about another customer was "not particularly relevant or proportional to the needs of the case as it deals with a separate customer and not the transactions between Boeing and Comair." Dkt. 142 at 4. Ignoring this Court's direction, Comair now seeks Boeing's testimony regarding *all* of Boeing's sales of "737 MAX aircraft in sub-Saharan Africa in 2012-2013," which is equally irrelevant here.[2] Paisner Decl. ¶ 2, Ex. 1 at 2. This Court should grant Boeing's motion for a protective order on these topics, in line with its prior ruling.

### III. Comair's Third Notice is disproportionate to the needs of the case.

Boeing is entitled to a protective order for the independent reason that each of the topics in the Third Notice is disproportionate to the needs of this litigation. "In determining proportionality, courts consider factors such as 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Corker v. Costco Wholesale Corp.*, No. C19-0290, 2022 WL 92979, at *1 (W.D. Wash. Jan. 10, 2022) (quoting Fed. R. Civ. P. 26(b)(1)). "This proportionality requirement is meant to ensure that judges and parties are vigilant in ensuring the

---

[2] To the degree that Topics 5–9 also encompass information about aircraft Comair agreed to purchase, such information is duplicative of prior discovery Comair has propounded and to which Boeing has already responded, including Topic 44 ("Communications concerning the refundability of Comair's pre-delivery payments on the MAX.") and Topic 68 ("BOEING's return of pre-delivery payments to Investec.") in Comair's first 30(b)(6) deposition notice, served in September 2024. Paisner Decl. ¶ 8, Ex. 6 at 5-6.

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 8
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  discovery process 'provide[s] parties with efficient access to what is needed to prove a claim or
2  defense, but eliminate unnecessary or wasteful discovery.'" *Reno*, 2020 WL 5902318, at *1
3  (alteration in original) (citation omitted); *see also* LCR 26(f) (expectation that counsel will
4  "reasonably limit discovery requests" in part "to reduce the costs of discovery").

5   Where, as here, a party fails to issue proportional discovery requests, the Court may issue
6  a protective order. Fed. R. Civ. P. 26(c); *cf. Naini*, 2019 WL 6877926, at *1 (granting protective
7  order against RFPs). For example, in *Luken v. Christensen Group Inc.*, this Court ruled that a
8  protective order was warranted where the purported benefit that may have derived from a 30(b)(6)
9  notice was "offset by the burden, expense, and impracticable demand imposed on the deponents."
10 No. C16-5214, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018); *see also Apple Inc. v.*
11 *Samsung Elecs. Co.*, No. C 11-1846, 2012 WL 1511901, at *2–3 & n.7 (N.D. Cal. Jan. 27, 2012)
12 (same). So too here.

13  None of the topics in the Third Notice are proportionate to the needs of this case or
14 encompassed by Rule 30(b)(6), which requires designated persons to "testify about information
15 known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

16  Topic 1 asks about "[a]ll interest Boeing earned on all deposits Boeing received from
17 Comair," Paisner Decl. ¶ 2, Ex. 1 at 2, but as Boeing's response to RFP 110 told Comair, "in the
18 usual course of business," Boeing "does not calculate or track interest potentially associated with
19 pre-delivery payments." *See id.* ¶ 3, Ex. 2 at 4. Thus, the information sought by Topic 1 is neither
20 "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Because Boeing
21 does not track this information and would need to undertake significant forensic assessments to
22 calculate it (see discussion of Topic 2, *infra*), particularly given interest rates that fluctuate *daily*,
23 "the burden or expense of the proposed discovery outweighs its likely benefit"—especially since
24 Comair *does not even seek* damages related to the interest amount in Topic 1. Fed. R. Civ. P.
25 26(b)(1).
26

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 9
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Topic 2 demands that a deponent identify "all accounts" into which Comair's PDPs were
2   deposited. Paisner Decl. Ex. 1 at 2. But Boeing already told Comair via email in May that ███
3   ████████████████████████████████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████████████████████████████████
5   ███████████████████████████████████████████████████████████████████████████ Paisner
6   Decl. ¶ 4, Ex. 3 at 1. Making Boeing put up a corporate representative to sit for yet another 30(b)(6)
7   deposition and confirm this simple fact is likewise disproportionate to the needs of the case.

8   In any event, Topics 1, 2, 3 (about Boeing's internal rate of return), Topic 4 (compensation
9   for Boeing sales and marketing employees), and Topics 5–7 (sales goals) have *zero* "importance"
10  in "resolving the issues" in this case since Comair's claims and requested damages simply have
11  no relation to them. *See supra* Section II. Topics 1–4 should be disallowed as disproportionate on
12  that ground alone.

13  Finally, Topics 8–9 seek information about representations and refunds of deposits to 737
14  MAX "customers," without any limitation—and Topic 9 is even more expansive than that, as it
15  also extends to Boeing's "customers' financiers." Paisner Decl. ¶ 2, Ex. 1 at 3. Not only is such
16  information irrelevant to Comair's claims—which are limited to representations allegedly made to
17  *Comair*—but identifying whether any one of the thousands of Boeing employees ever had such
18  conversations with or made such payments to any of Boeing's hundreds of MAX customers *and*
19  "its customers' financiers" would be plainly burdensome and thus disproportionate.

**IV.   Comair's Third Notice is harassing, unreasonably burdensome, and cumulative.**

Finally, "[e]ven if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of 'annoyance, embarrassment, oppression, or undue burden or expense' in connection with a particular request." *Corker*, 2022 WL 92979, at *1 (quoting Fed. R. Civ. P. 26(c)(1)(D)). Specifically, "the court has an obligation to prevent a party from using a Rule 30(b)(6) deposition to harass the opposing party

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 10
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

or to subject the opposing party to unreasonably burdensome or cumulative discovery." *Id.* at *2 (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012)).

If any circumstances called for the application of this limitation, it is these. The sequence of events here—with Comair propounding RFP No. 110 over two years into this case and after the deposition of its damages expert, and then serving the expansive Third Notice after Boeing explained that the documentation it was seeking does not exist—should tell the Court all it needs to know about the considerations driving this discovery request. Nor can Comair "articulate[] why, in its previous depositions of the company, Plaintiffs did not have ample opportunity to cover the topics it now seeks to include." *Olson*, 2007 WL 9775531, at *2. Comair very well could have raised the topics in the Third Notice in its first and second sets of 30(b)(6) deposition topics—or at any other time in the 27 months after Comair filed its Complaint. But it did not. In that span of time, Boeing has already produced six 30(b)(6) witnesses who have collectively sat for seven depositions and over 27 hours of deposition testimony on the record. When counting for sub-parts, Comair's first and second 30(b)(6) deposition notices sought testimony on at least 84, and more realistically close to 100, subjects. This Court should grant the requested protective order and not validate Comair's delay in seeking this discovery and its harassing tactics.

## CONCLUSION

Boeing respectfully asks the Court to grant Boeing's Motion for a Protective Order, preclude the 30(b)(6) deposition of another Boeing representative pursuant to Comair's Third Notice, and award attorneys' fees as allowed under Federal Rule Civil Procedure 26(c)(3).

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 11
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**ATTORNEY CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 26(c) and LCR 26(c), undersigned counsel for Boeing certifies that they conferred in good faith and were unable to reach an accord with Comair's counsel regarding Comair's Third 30(b)(6) Notice issued to Boeing or this Motion. On June 6, 2025 at 2:30pm PT, Michael Paisner, counsel for Boeing, and Marc Miles, counsel for Comair met and conferred via Teams call regarding the contents of this Motion.

I certify that this memorandum (including the Attorney Certification) contains 3,806 words, in compliance with the Local Civil Rules.

Dated: June 6, 2025

By: *s/ Michael S. Paisner*
Michael S. Paisner, Bar No. 48822
Zachary E. Davison, Bar No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
MPaisner@perkinscoie.com
ZDavison@perkinscoie.com

Casey McGushin (admitted *pro hac vice*)
**Kirkland & Ellis LLP**
333 W. Wolf Point Plaza
Chicago, IL 60654
casey.mcgushin@kirkland.com

*Attorneys for Defendant The Boeing Company*

BOEING'S MOTION FOR PROTECTIVE ORDER
RE: 30(B)(6) DEPOSITIONS – 12
(No. 2:23-CV-00176-RSM)
95017393.12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify under penalty of perjury that on June 6, 2025, I caused to be electronically filed |
| 3 | the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a |
| 4 | notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice |
| 5 | List. |
| 6 | Dated: June 6, 2025 |
| 7 | |
| 8 | s/_____<br>Michael S. Paisner |

CERTIFICATE OF SERVICE
(No. 2:23-CV-00176-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

95017393.12