1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

COMAIR LIMITED,

CASE NO. C23-176 RSM

9

Plaintiff,

ORDER RE: DISCOVERY MOTIONS

10

v.

11

THE BOEING COMPANY, ET AL.,

12

Defendants.

13

14

This matter is before the Court on several discovery-related Motions, Dkts. #147, #158,

15

#191, and #225.  The Court has determined that it can rule on these Motions without the need of

oral argument.

16

17

Discovery disputes in this case have clearly spiraled out of control.[1]  The Court will

18

attempt to get this case back on track with the following concise rulings.  The goal of the Court

(and the parties) should be to resolve this case on the merits rather than through costly and time-

19

consuming fights over side-issues.

20

21

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

22

party's claim or defense and proportional to the needs of the case, considering the importance of

23

24

[1] Discovery motions have been filed on May 6, 2024, August 29, 2024, November 22, 2024, December 13, 2024, January 17, 2025, January 28, 2025, March 12, 2025, March 14, 2025, March 25, 2025, April 25, 2025, June 6, 2025, June 20, 2025, June 27, 2025, and June 30, 2025.  *See* Docket.  These Motions have been filed before, after, and at the same time the parties have filed dispositive and pretrial motions in this case.

ORDER RE: DISCOVERY MOTIONS – 1

1    the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

2    information, the parties' resources, the importance of the discovery in resolving the issues, and

3    whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.

4    Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an

5    order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has

6    the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*,

7    519 F.2d 418, 429 (9th Cir. 1975).

8           Federal Rule of Civil Procedure 26(c) allows the Court, for good cause, to issue an order

9    to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or

10   expense." "Rule 26(c) gives the district court much flexibility in balancing and protecting the

11   interests of private parties." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th

12   Cir. 2006).

13        1.   *Comair's Motion to Compel Compliance with RFPs (Dkt. #147)*

14          On March 12, 2025, Comair filed this motion to compel, detailing lengthy and frustrating

15   back-and-forth discovery negotiations, apparently culminating in a January 23, 2025, telephonic

16   meet-and-confer over Zoom. Dkt. #147 at 11. Comair then states:

17                 At the conclusion of the discussion, Boeing refused to search for
                documents specifically responsive to the document demands in this

18                   case, but instead relied on its re-Bates-labeled document production
                from a different case and a promised limited future production –

19                   which occurred on February 4 and 5, 2025, consisting of 1,516 pages
                of additional documents that Boeing did not tie to any particular

20                   request at issue. [*Id.*] Boeing's counsel stated, in no uncertain terms,
                that no additional searches, ESI or other, would be performed by

21                   Boeing in relation to the requests at issue. [*Id.*] This was later
                confirmed by Boeing in its February 4, 2025 second supplemental

22                   objections and responses. [Ex. 11] When Comair asked Boeing's
                counsel to identify any documents that were specific to this case and

23                   not simply reproduced from another case, Boeing's counsel
                expressly refused to answer the question—claiming Comair was not

24                   entitled to the procedure by which Boeing searched for and

produced documents (which was rather ironic considering that the focus of the majority of Boeing's fabricated discovery disputed have been regarding the method and manner of Comair's data search, collection and production). [Decl. KAS ¶20] Those additional 1,516 pages produced by Boeing did not address, nor relieve, the necessity for Boeing to search for documents specifically responsive to the document demands at issue in this case. [Decl. KAS ¶21].

*Id*. (brackets in original).

The Court has previously struck motions to compel filed by Comair for failing to meet-and-confer with Boeing as required by Local Civil Rule 37(a)(1). *See* Minute Order at Dkt. #126. That Minute Order stated, in part:

Under Local Civil Rule 37(a)(1), any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. Plaintiff's Motions and attached declarations lack these certifications. Instead, the Motions include references in their fact sections to meet-and-confer conferences last year, after which additional discovery was produced or testimony taken. There is no indication that subsequent meet-and-confer conferences occurred addressing Comair's most recent issues with this discovery. In this district, a good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible. The movant has thus failed to certify that a conference took place discussing all of the issues in these Motions in a good faith effort to resolve the disputes without court action.

*Id*. The Court finds that Comair has committed the same procedural error by citing to a meet-and-confer from some months prior, after which Boeing produced additional materials. Comair does not indicate that it then met-and-conferred with Boeing to address the issues in the instant Motion in an effort to resolve those issues in good faith. Comair cannot plead ignorance on these

ORDER RE: DISCOVERY MOTIONS – 3

1    points. Given all of the above, the Court will STRIKE Plaintiff Comair's Motion to Compel, Dkt.

2    #147, for failing to meet-and-confer. The Court urges the parties to work in good faith to resolve

3    the issues in this Motion without further Court involvement.

4        *2.  Boeing's Motion to Maintain Expert Control Designations (Dkt. #158)*

5        The Stipulated Protective Order in this case defines "Export Controlled Material" to

6    include "information, technical data, and/or technology that is subject to the requirements of the

7    Export Administration Regulations ('EAR'), 15 C.F.R. §§ 730.1, et seq. and/or the International

8    Traffic in Arms Regulations, which implement the Arms Export Control Act ('ITAR'), 22 CFR

9    §§ 120.1 et seq." Dkt. #59 at § 4. The Protective Order says, "[e]ach Party has the responsibility

10   to ensure that Export Controlled Material in its possession, custody or control is not made public

11   nor otherwise 'exported' (as that term is described in 15 C.F.R. § 734.13 or 22 C.F.R. § 120.17)

12   except as permitted by law and regulations." *Id.* at § 6.4.

13       The parties spend significant time debating the application or misapplication of this label

14   to various discovery materials in the past, and very little discussing Boeing's limited requested

15   relief in this Motion—Boeing requests only that the Court order that expert control designations

16   be maintained for eight documents listed in an attachment. *See* Dkt. #158. Boeing does not attach

17   these documents, but attaches a declaration of Phillip J. Fisher, a Boeing employee with some

18   subject matter expertise, who discusses the application of export controlled designations to these

19   documents. *See* Dkt. #159. Comair argues that Boeing improperly designates entire documents

20   as export controlled, rather than portions with redactions as suggested by the Stipulated Protective

21   Order. *See* Dkt. #174 at 9–10.

22       While both sides make some valid points, the Court ultimately concludes that it is

23   appropriate for Boeing to label these entire documents as export controlled in order to preserve

24   the principles enumerated above and in the Stipulated Protective Order and to avoid unnecessary

ORDER RE: DISCOVERY MOTIONS – 4

1  costs.  This ruling does not overly prejudice Comair, as its counsel is still able to review these

2  documents in their entirety.  Accordingly, the instant Motion is GRANTED.

3      3.  *Comair's Motion for Sanctions against Boeing (Dkt. #191)*

4      The "duty to preserve arises when a party knows or should know that certain evidence is

5  relevant to pending or future litigation."  *Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, 2020 WL 1492676,

6  at *4 (W.D. Wash. Mar. 27, 2020) (citations omitted).  "Circuit courts describe the duty to

7  preserve evidence as attaching when a party should know that evidence may be relevant to

8  litigation that is anticipated, or reasonably foreseeable."  *Edifecs, Inc. v. Welltok, Inc.*, No. C18-

9  1086JLR, 2019 WL 5862771, at *3 (W.D. Wash. Nov. 8, 2019), *aff'd*, 840 F. App'x 224 (9th Cir.

10  2021).  "When litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows

11  a district court to exercise the discretion necessary to confront the myriad factual situations

12  inherent in the spoliation inquiry."  *Id*.

13      Comair moves for sanctions against Boeing for failing to retain documents from two

14  former employees, Ronald Dubois and Rob Faye.  *See* Dkt. #191 at 9–10.  The documents at issue

15  allegedly related to the representations, negotiations, and sales of the 737 MAX to Comair.

16  Boeing responds that, pursuant to its standard document retention protocols, it retained the

17  documents of these employees for only 30 days after they left in July 2015 and June 2018.  *See*

18  *id*.  The departure of these employees, and the destruction of their documents, occurred prior to

19  the 737 MAX crashes that triggered the grounding of the fleet and the investigations in this case

20  ultimately giving rise to the 2023 filing of this lawsuit.  Thus, Boeing argues, there can be no

21  sanctionable conduct.  Comair argues that these employees' documents were deleted prior to the

22  crashes but *after* the fraudulent conduct at issue in this case began.  *See id*. at 11.

23      The Court agrees with Boeing that this Motion presumes that Boeing's conduct at issue

24  in this case was fraudulent, and furthermore agrees that Boeing could not possibly have known

ORDER RE: DISCOVERY MOTIONS – 5

1    to preserve these materials given the extreme number of unforeseeable events between 2018 and

2    2023 that would give rise to the instant litigation.  Comair fails to convince the Court that Boeing

3    should have known that the evidence at issue "may be relevant to litigation that is anticipated, or

4    reasonably foreseeable" prior to its deletion.  Accordingly, there is no sanctionable conduct here

5    and the instant Motion is DENIED.  The Court also STRIKES the redacted Motion at Dkt. #201.

6        *4.  Boeing' Motion for Protective Order re: 30(b)(6) Depositions (Dkt. #225)*

7        Comair seeks to conduct a third round of 30(b)(6) depositions, this time to address the

8    issue of interest earned on pre-delivery payments.  Comair has already deposed six Boeing

9    30(b)(6) witnesses.   Boeing argues that this form of damages is not in the Complaint and was not

10   mentioned in the report of Comair's damages expert, who has already been deposed.  *See* Dkt.

11   #225 at 4–5.  The Court is convinced that Comair's request is dilatory, unnecessary, and unduly

12   burdensome given the history of discovery in this case.  Comair appears to have a pretty good

13   idea of the interest earned on these payments and could easily have propounded discovery on

14   these issues previously or raised the issue in a prior deposition.  The Court agrees that Boeing is

15   entitled to this protective order under Rule 26(c)(1).  This Motion is GRANTED.  Accordingly,

16   Comair's Motion at Dkt. #319 is DENIED as MOOT.  *See* Dkt. #319 at 4 ("This motion is brought

17   out of an abundance of caution and so as to not inadvertently waive any rights, as it concerns an

18   issue already before the Court on another motion. . . . The Court has not yet ruled on Boeing's

19   motion for protective order. Thus, out of an abundance of caution, Comair brings the instant

20   motion to compel Boeing to produce a witness(es) in response to the subject Rule 30(b)(6)

21   deposition notice. Comair requests that this motion be considered in conjunction with Boeing's

22   motion for protective order concerning the same deposition notice, as it is 'the other side of the

23   coin' and involves the same facts and arguments.").

24       *5.  Related Motions to Seal*

ORDER RE: DISCOVERY MOTIONS – 6

1    The Court has reviewed the following Motions to Seal related to the above Motions and concludes

2    that the filings at issue shall remain under seal for good cause.  Accordingly, the following

3    Motions to Seal are GRANTED: Dkts. #176, #180, #190, #213, and #224.  The following filings

4    shall remain under seal:  Dkts. #177, #181 through 188, #191 through #200, #210 through #212,

5    #225, #228, and #229.

6        Having reviewed the relevant briefing and the remainder of the record, the Court hereby

7    finds and ORDERS that the above Motions (Dkts. #147, #158, #191, #201, and #225; Dkts. #176,

8    #180, #190, #213, and #224; and Dkt. #319) are GRANTED, DENIED, and STRICKEN as stated

9    above.

10       Dated this 1st day of July, 2025.

11

12

RICARDO S. MARTINEZ
13   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

ORDER RE: DISCOVERY MOTIONS – 7